**UNITED STATES of America,**
**Libelant-Appellee,**

v.

**DEANE HILL COUNTRY CLUB, INC.**
**and All of its Members, Claimants-**
**Appellants.**

**No. 15932.**

United States Court of Appeals
Sixth Circuit.

March 23, 1965.

Certiorari Denied June 1, 1965.

See 85 S.Ct. 1769.

William E. Badgett, Knoxville, Tenn., for appellants.

G. Wilson Horde, Knoxville, Tenn., J. H. Reddy, U. S. Atty., David E. Smith, Asst. U. S. Atty., Knoxville, Tenn., on brief, for appellee.

Before WEICK, Chief Judge, and CECIL and O'SULLIVAN, Circuit Judges.

PER CURIAM.

The Government filed a Libel of Information in the District Court to forfeit thirteen coin-operated gaming devices otherwise known as slot machines, used and operated on the premises of the Country Club without payment of the special tax imposed by the Internal Revenue Laws. The pertinent statutes involved are 26 U.S.C. §§ 4461, 4901(a), 7301 and 7302.

The Country Club filed an intervening petition in which it denied that the machines were used in violation of the Internal Revenue laws and prayed for a return of the machines as not being subject to forfeiture.

The District Judge heard the evidence and in a memorandum opinion discussing the facts and the law ordered forfeiture.

The Country Club contends that the District Court should have sustained the motion to suppress evidence obtained under the search warrant. The ground of the motion to suppress was that the search was with a search warrant upon which there was not probable cause for the issuance thereof.

The evidence disclosed that an Internal Revenue Agent had been invited to dinner at the club house by a member of the Club, and while there, walked through an open door into the room where the machines were being operated. He observed the machines in operation and that no tax stamp was displayed.

The following day the Agent contacted the District Director of Internal Revenue and learned that no return had been filed and no tax paid on the machines. He obtained a search warrant then from the United States Commissioner on his own affidavit based on personal knowledge. The search was made and the machines were seized.

It is argued that the Agent was a trespasser because he had not been specifically invited into the room where the machines were in operation. There was a sign on the entrance door to the room which read "Members Only." The door, however, was open at the time the Agent entered. There was the testimony of the club president that on many occasions persons playing the machines, who were known to be non-members, were stopped. The record does not show that anyone was ever ejected from the room.

In our opinion the search warrant was valid. The Agent who signed the affidavit for the warrant had probable cause based on his own observations. The Agent, having observed the illegal operation, could have seized the machines without a warrant. Sanders v. United States, 201 F.2d 158 (C.A.5, 1953).

But even if the search had been illegal, the Country Club was not entitled to a return of the contraband. United States v. $1,058.00 in United States Currency, 323 F.2d 211 (C.A.3, 1963); Interbartolo v. United States, 303 F.2d 34 (C.A.1, 1962); United States v. Carey, 272 F.2d 492 (C.A.5, 1959); Grogan v. United States, 261 F.2d 86 (C.A.5, 1958) cert. denied 359 U.S. 944, 79 S.Ct. 725, 3 L.Ed.2d 677; Bourke v. United States, 44 F.2d 371 (C.A.6, 1930) cert. denied 282 U.S. 897, 51 S.Ct. 182, 75 L.Ed. 790.

An intent to defraud was not a necessary element to establish violation of the statutes. It was sufficient to prove that the machines were used in the gaming operation without payment of the tax. Voglino v. United States, 253 F.2d 794 (C.A.4, 1958) cert. denied 357 U.S. 919, 78 S.Ct. 1359, 2 L.Ed.2d 1364.

The other questions raised do not in our opinion merit discussion.

Affirmed.