**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Marvin Martin YOUNG, Defendant-Appellant.**

**No. 73–1797.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 30, 1973.

Decided Jan. 8, 1974.

George W. Carpenter, Chattanooga, Tenn. (Court-appointed), for defendant-appellant.

W. Lloyd Stanley, Jr., Asst. U. S. Atty., Chattanooga, Tenn., for plaintiff-appellee; John L. Bowers, Jr., U. S. Atty., E. D. Tenn., Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., on brief.

Before PHILLIPS, Chief Judge, Mc-CREE, Circuit Judge, and Mc-ALLISTER, Senior Circuit Judge.

McCREE, Circuit Judge.

This is an appeal from a conviction, after the third trial under an indictment charging the receiving and concealing of a stolen motor vehicle that was moving in interstate commerce, in violation of 18 U.S.C. § 2313. Appellant's first trial resulted in a hung jury. After appellant was convicted in the second trial, he appealed contending that his conviction should be reversed on three grounds: (1) that the district court erroneously denied his motion for acquittal at the first trial; (2) that the district court erroneously denied his motion to suppress evidence obtained by law enforcement officials in violation of the Fourth Amendment; and (3) that the district

court erroneously denied him a free transcript of the first trial even though he was indigent. We reversed the conviction and remanded the case because of the district court's failure to afford appellant a transcript and did not reach the other issues. United States v. Young, 472 F.2d 628 (6th Cir. 1972). Thereafter, over objection of appellant, the district court directed that he be tried a third time. On May 23, 1973, appellant was retried and convicted. The district court sentenced him to the federal penitentiary for three years.

On this appeal, appellant urges us to reverse his conviction for two reasons. First, he contends again that the district court erroneously denied his motion for acquittal following the first trial on December 8, 1971, because the government had failed to adduce evidence sufficient for submitting the case to the jury. Second, he contends, once more, that the district court erred in failing to suppress evidence obtained without a search warrant where there were no exigent circumstances excusing the government's failure to do so.

Although the government's presentation of its case at the first trial was hardly a model of exemplary criminal trial practice, there was evidence, including appellant's own admissions, of all the elements of the offense charged. Accordingly, the district court did not err in permitting the jury to determine whether appellant was guilty beyond a reasonable doubt of the crime with which he was charged. United States v. May, 430 F.2d 715 (6th Cir. 1970).

We agree with appellant, however, that the government's search of the vehicle without a warrant was impermissible because it did not come within any of the exceptions to the rule requiring a warrant, United States v. Nelson, 459 F.2d 884, 887–888 (6th Cir. 1972), and that, therefore, despite the existence of probable cause to search, the fruits of the search ought to have been suppressed. In so holding, we bear in mind the observation of Mr. Justice Jackson in Johnson v. United States, 333

U.S. 10, 13–14, 68 S.Ct. 367, 369, 92 L. Ed. 436 (1947) that

> [t]he point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.

Nor is the protection afforded a person by the interposition of an impartial magistrate between him and police officers dispensed with merely because a search of a vehicle instead of a home has been undertaken. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). In *Coolidge,* where the Court invalidated a search of an automobile because it had not been conducted pursuant to a warrant issued by a neutral and detached magistrate, it stated:

> Thus the most basic constitutional rule is this area is that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." The exceptions are "jealously and carefully drawn," and there must be "a showing by those who seek exemption . . . that the exigencies of the situation made that course imperative." "[T]he burden is on those seeking the exemption to show the need for it." 403 U.S. at 454–455, 91 S.Ct. at 2032 (footnotes omitted).

■ At times, to be sure, the fact that the challenged evidence is located in a motor vehicle may, in conjunction with other circumstances, furnish the exigency that would permit a search to be conducted without a warrant. *See* Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). However, the fact that the object sought to be searched is a motor vehicle does not, *ipso facto*, create an exigency. Not every warrantless search of a motor vehicle is valid simply because probable cause may exist. Coolidge v. New Hampshire, *supra.* Here, the truck had been parked for three for four days on the property of the Waldens who had hired appellant to cut and haul pulpwood, and appellant had used the vehicle as a dormitory during that period. When Mrs. Walden called to report her reasons for suspecting that the truck had been stolen, the officers had no grounds to believe that the vehicle might be moved within the few minutes required to make application for a search warrant from a concededly available magistrate and to travel to the vehicle site.

■ Since the search of the vehicle was constitutionally impermissible, we must inquire whether reversal of appellant's conviction is required. The unlawful search produced the owner's identification sticker, the vehicle identification plate and the vehicle's license plate. The probative value of these items was limited to the identification of the truck. The truck was otherwise identified by James Gunter, manager of Brand Brothers Produce Company from which a new truck had been stolen, and by the Waldens to whom appellant, in the hope of obtaining assistance in obtaining papers for the truck, had given a vehicle identification number with 11 characters which differed from the vehicle identification number of the missing truck only by a single character, that of a "1" instead of an "L". Accordingly, the evidence produced by the search was merely corroborative of other evidence and cumulative. In addition, evidence was adduced that appellant had been an employee at Brand Brothers' Georgia plant; that the truck had disappeared shortly after appellant left Brand Brothers' employment; and that appellant had arrived subsequently in Cleveland, Tennessee, with a new truck of the same make, model and color as the missing truck with Georgia license plates. The only apparent difference between the truck appellant drove and the stolen ve-

hicle was that the missing truck had a refrigeration component and the truck appellant had did not. However, appellant told Mr. Walden that he had sold the truck's refrigeration body for $400. During his sojourn with the Waldens for three or four days prior to his arrest, appellant told them that he wanted to disguise the truck and inquired about the cost of paint, and said that if "they ever catch me with this thing, I would get about twenty years," and that if he could not get new papers for the truck, he might as well burn it. In addition, appellant removed the license plate and vehicle identification number during this period. Finally, a fellow prisoner testified that after appellant's arrest, Young told him that he had stolen a truck in Georgia, had sold its refrigeration component, and had later hauled pulpwood in it.

In light of the foregoing, we conclude that the admission of the evidence obtained in violation of appellant's constitutional rights, although erroneous, was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Affirmed.