Kelvin FUQUA, Appellant,

v.

Claude A. ARMOUR, Commissioner of Safety, Appellee.

Supreme Court of Tennessee.

Oct. 25, 1976.

Michael R. Jones, Springfield, for appellant.

Michael E. Terry, Asst. Atty. Gen., Nashville, for appellee; R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

OPINION

BROCK, Justice.

I

The appellant appeals from the order of the circuit court dismissing his petition for certiorari and adjudging that his 1973 model Chevrolet Corvette automobile be forfeited to the State of Tennessee for a violation of the Tennessee Drug Control Act of 1971, T.C.A. § 52–1443.

That the automobile was used to transport contraband drugs and was thus forfeitable under the statute above-cited is not disputed. On June 29, 1974, appellant Fuqua made a sale of marijuana to undercover agents of the Sumner County Sheriff's Department and on July 26, 1974, he also made a sale of LSD, a contraband drug, to undercover agents of the Sumner County Sheriff's Department. On both occasions, the contraband drugs were carried in the subject automobile from which the sales were made. Appellant Fuqua was not arrested nor was his vehicle seized on the occasion of either of these sales, but on August 16, 21 days after the last such sale on July 26, 1974, appellant was arrested in his home pursuant to a presentment by the grand jury charging him with the drug violations. On the same day as his arrest, the automobile was seized while it was parked in the carport at appellant's home, without legal process authorizing its seizure.

Appellant contends that the seizure of his automobile under these circumstances violated the search and seizure provisions of the Constitution of Tennessee and the Constitution of the United States. He further asserts that the possession of his vehicle by the State, as the result of such unconstitutional seizure, deprives the State of the right it would otherwise have to have the said vehicle forfeited under the Drug Control Act provisions.

The State asserts that the seizure was lawful and constitutional, relying upon T.C.A. § 52–1443(b)(4) which provides:

"(b) Property subject to forfeiture under §§ 52–1408—52–1448 may be seized by the commissioner of safety or his authorized representative, agent, or employee, or a sheriff, deputy sheriff, municipal law enforcement officer, or constable upon process issued by any circuit or criminal court having jurisdiction over the property. Seizure without process may be made if:

.    .    .    .    .

(4) the commissioner of safety or his authorized representative, agent, or

employee, or a sheriff, deputy sheriff, municipal law enforcement officer, or constable has probable cause to believe that the property was used or is intended to be used in violation of §§ 52–1408– 52–1448."

Article I, Sec. VII, Constitution of Tennessee, provides:

"That the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offenses are not particularly described and supported by evidence, are dangerous to liberty and ought not to be granted."

The Fourth Amendment to the U.S. Constitution provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

■ The rights secured by these constitutional provisions are to be regarded as of the very essence of constitutional liberty; they express the conviction that the right to search and seize should not be left to the discretion of the police but should be subject to the requirement of previous judicial sanction wherever possible. *Trupiano v. U. S.,* 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948); *Johnson v. U. S.,* 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); *Hughes v. State,* 176 Tenn. 330, 141 S.W.2d 477 (1940); *Anthony v. Carter et al.,* Tenn., 541 S.W.2d 157 (1976). They protect the citizen from unreasonable seizures as well as from unreasonable searches. *U. S. v. Jeffers,* 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951); *U. S. v. Molkenbur,* 430 F.2d 563 (8th Cir. 1970), cert. denied 400 U.S. 952, 91 S.Ct. 244, 27 L.Ed.2d 258; *Anthony v. Carter et al., supra.* This protection extends to the citizen's automobile. *Tenpenny v. State,* 151 Tenn. 669, 270 S.W. 989 (1924); *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). They protect property sought to be forfeited to the State. *U. S. v. McCormick,* 502 F.2d 281 (9th Cir. 1974).

A search or a seizure without a warrant is presumptively unreasonable and invalid. *U. S. v. Jeffers, supra; McDonald v. U. S.,* 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948). The right to search or seize without a warrant is the exception, and it exists only under exceptional circumstances. *McDonald v. U. S., supra; Trupiano v. U. S., supra.* In *McDonald* it was held that when officers are not responding to an emergency, there must be compelling reasons to justify their search or seizure without a warrant. It has been said that the test is the apparent need for summary seizure and that when the securing of a warrant is reasonably practicable, it must be used. *Trupiano v. U. S., supra.*

■ When probable cause exists, an automobile may be searched or seized without a warrant when it is halted while moving along the public street or highway, because of the impracticality of obtaining a warrant before the vehicle may be moved out of the jurisdiction. *Carroll v. U. S.,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *Brinegar v. U. S.,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). But this rule is based solely upon the exigent circumstances existing, i. e., the vehicle is moving on the public highway, which makes it impracticable to obtain a search warrant and does not apply to authorize a search or seizure of a vehicle without a warrant after the vehicle has completed its journey and is at rest on private premises. *U. S. v. Young,* 489 F.2d 914 (6th Cir. 1974); *Hart v. U. S.,* 162 F.2d 74 (10th Cir. 1947); *Boyd v. State,* 206 Miss. 573, 40 So.2d 303 (1949).

The State relies heavily upon *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), in which an automobile was halted upon the public highway and its occupants arrested there. The vehicle was

removed from the highway to the police station and was searched without a warrant at that place. In upholding this search, the Supreme Court of the United States said:

"Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the 'lesser' intrusion is permissible until the magistrate authorizes the 'greater.' But which is the 'greater' and which the 'lesser' intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issued to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." 90 S.Ct. at 1981.

In our opinion, the State attempts to read more into the *Chambers* decision than is there. It does not dispense with the necessity to obtain a warrant merely because the officer has probable cause to search. *Chambers* does not represent a departure from the principles hereinabove enumerated. In the later case, *Coolidge v. New Hampshire, supra,* the U.S. Supreme Court limited the *Chambers* holding to its peculiar facts and reaffirmed the principles hereinabove set out to the effect that even where probable cause exists a search or seizure of an automobile cannot validly occur, absent exigent or extraordinary circumstances amounting to "compelling reasons" for a warrantless search. In *Coolidge* the Court said:

"The word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears."

The Court pointed out that the justification for the search without a warrant in the *Carroll* and *Chambers* cases, *supra,* was that the automobile is "movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained . . . the opportunity to search is fleeting . . ."; whereas, in the *Coolidge* case the pertinent factors were stated to be:

"There is no suggestion that, on the night in question, the car was being used for an illegal purpose, and it was regularly parked in the driveway of his house. The opportunity for search was thus hardly 'fleeting.' The objects that the police are assumed to have had probable cause to search for in the car were neither stolen nor contraband nor dangerous."

In *U. S. v. Young, supra,* the United States Court of Appeals for the Sixth Circuit held that a search of a truck without a warrant was unreasonable and invalid despite the existence of probable cause to search. The truck had been parked for three or four days on property of individuals who had employed the defendant to cut and haul pulpwood, and, when one individual called to report reasons for suspecting that the truck had been stolen, the officers had no grounds to believe that the vehicle might be moved within the few minutes which would be required to make application for a search warrant and to travel to the place where the truck was located.

The *McCormick* case, *supra,* is almost identical to the case at bar. There the Court said:

"Although the agents had probable cause to believe that McCormick's car had been used to transport contraband, the second *sine qua non* of *Carroll,* exigent circumstances, is here absent. . . . The car was parked in the driveway of the house when it was seized and there was no indication that it was *then* being used for any illegal purposes. . . . Moreover, even if he could have gained access to his car, he could not have driven it away, because a police car was blocking the driveway. . . . '[N]o amount of probable cause can justify a warrantless search or seizure, absent "exigent circumstances."' *Coolidge v. New Hampshire, supra,* 403 U.S. at 468, 91 S.Ct. at 2039, and so the seizure here does not fall within the automobile exception to the warrant requirement." 502 F.2d 287.

In our view, the *Coolidge, Young* and *McCormick* decisions are controlling in determining the validity of the seizure without a warrant of the automobile in the instant case. If the automobile had been seized and the defendant Fuqua arrested at the time of either of the sales of narcotics disclosed in the record, such seizure and arrest in our view probably would have been valid without warrants. But, there were no exigent circumstances here. We cannot countenance a seizure without a warrant of an automobile from the owner's premises when the officers had a period of 21 days following its alleged use in violation of the Drug Control Act within which to obtain a warrant. Just as a presentment was obtained for Fuqua's arrest, so could a warrant authorizing the seizure of his automobile have been obtained in the period of 21 days intervening between the commission of the offense and the arrest and seizure. The seizure of Fuqua's automobile was unreasonable and in violation of the search and seizure provisions of both the State and Federal Constitutions. *U. S. v. McCormick, supra; Kaufman v. U. S.,* 453 F.2d 798 (8th Cir. 1971).

▪ T.C.A. § 52–1443(b)(4) should not be construed as authorizing the seizure of an automobile without a warrant under circumstances such as those disclosed in the facts of this case. The fact that probable cause exists for seizure is not enough; there must also exist "exigent circumstances"; therefore, T.C.A. § 52–1443(b)(4) should be construed as authorizing a seizure without a warrant, upon probable cause, only when "exigent circumstances" exist justifying summary seizure. "No amount of probable cause can justify a warrantless search or seizure, absent 'exigent circumstances.'" *Coolidge v. New Hampshire, supra.* Thus construed and restricted, T.C.A. § 52–1443(b)(4) may constitutionally be applied.

## II

▪ Although the seizure of Fuqua's automobile by the officers was in violation of his rights under the State and Federal Constitutions, the question remains whether or not this fact precludes the forfeiture of the automobile. We hold that it does not.

A forfeiture proceeding such as this is an action *in rem* and jurisdiction of the Court depends upon its actual or constructive custody of the property being forfeited, ordinarily acquired by virtue of its previous seizure. And, it has been held many times that the fact that the seizure was unlawful does not affect the jurisdiction of the court to proceed in a forfeiture action or in any way prevent the court from rendering a valid decree of forfeiture, provided grounds for forfeiture are established. *Dodge v. U. S.,* 272 U.S. 530, 47 S.Ct. 191, 71 L.Ed. 392 (1926); *U. S. v. One Ford Coupé Automobile,* 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025 (1926); *U. S. v. Eight Boxes Containing Various Articles,* 105 F.2d 896 (2d Cir. 1939); *U. S. v. One 1946 Plymouth Sedan Automobile,* 167 F.2d 3 (7th Cir. 1948); *Sanders v. U. S.,* 201 F.2d 158 (5th Cir. 1953); *U. S. v. One 1956 Ford Tudor Sedan,* 253 F.2d 725 (4th Cir. 1958); *U. S. v. Deane Hill Country Club, Inc.,* 342 F.2d 794 (6th Cir. 1965) [dictum]; *John Bacall Imports, Ltd. v. U. S.,* 412 F.2d 586 (9th Cir. 1969); *U. S. v. $1,058.00 in United States Currency,* 323 F.2d 211 (3d Cir. 1963). Accordingly, we hold that the unlawful seizure of the automobile in this case does not prevent its forfeiture for violation of the Drug Control Laws nor affect the jurisdiction of the Court to decree the forfeiture.

▪ There is no merit to the contention of appellant that he was entitled to notice prior to the seizure of his automobile. *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

The decree of the trial court is affirmed. Costs will be paid by appellant.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.