**Sandy LEE, Plaintiff/Appellant,**

v.

**Gerald LADD and Metropolitan Government of Nashville and Davidson County, Defendants/Appellants.**

Court of Appeals of Tennessee,
Middle Section.

March 4, 1992.

Permission to Appeal Denied by
Supreme Court May 26, 1992.

John E. Herbison, Nashville, for plaintiff/appellant.

Patricia J. Cottrell, Director of Law, Dept. of Law of the Metropolitan Government of Nashville and Davidson County, William L. Parker, Jr., Metropolitan Atty., Nashville, for defendants/appellees.

OPINION

CANTRELL, Judge.

The plaintiff, whose automobile was impounded for an expired registration, sued a police officer and the Metropolitan Government of Nashville and Davidson County for violating her civil rights. The complaint sought compensatory and punitive damages, attorneys' fees, and a declaration that the Metropolitan Government's impoundment policies violate the United States and Tennessee constitutions. The trial judge granted summary judgment to the defendants. We affirm.

## I.

In March of 1990, Gerald Ladd, a metropolitan police officer, observed a Pontiac automobile with an expired license being driven on a Nashville street. Officer Ladd stopped the vehicle and the driver, Sandy Lee, told him that if she was being stopped because of the expired tags she had already got a ticket for that. She showed Officer Ladd a citation issued approximately three weeks earlier for the same offense. When Officer Ladd determined that her registration had expired eleven months earlier and that she had done nothing about the earlier citation, he decided to impound her vehicle. He issued her a citation for violating the registration laws and called a wrecker to tow the car.

Mrs. Lee went to a nearby state office building where she was able to renew her state registration. She then went by taxi cab to the impoundment lot where she paid the required fees and retrieved her automobile.

## II.

This is an action under Title 42, Section 1983 of the United States Code which gives an aggrieved party a cause of action when a person, acting under color of state law, deprives the aggrieved party of any rights, privileges or immunities secured by the United States Constitution. The plaintiff also argues that there is an implied cause of action for violations of the Tennessee Constitution. The only authority cited for

that proposition is *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The United States Supreme Court in that case held that a person aggrieved by a violation of his constitutional rights by a *federal* officer had a private cause of action against the federal officer—even without a statute creating the cause of action.

We have held, however, in prior cases that we know of no authority for the recovery of damages for a violation of the Tennessee Constitution by a state officer. *See Bennett v. Horne*, 1989 WL 86555 (No. 89–31–II, Tenn.Ct.App., filed in Nashville August 2, 1989). So far as we are able to determine, the Tennessee courts have not extended the rationale of *Bivens* to give a state cause of action against a police officer for violating a person's civil rights.

Nevertheless, 42 U.S.C. § 1983 applies to violations of the United States Constitution, and if the seizure of Ms. Lee's automobile was unreasonable or was accomplished without the process due her, she has a remedy.

Although in her brief Ms. Lee approaches the problem tangentially, we think her United States constitutional rights, which she claims were violated by Officer Ladd, are derived from the Fourth and Fourteenth Amendments. The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

The pertinent part of the Fourteenth Amendment is found in Section 1. It provides:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

### a. Due Process

The due process clause was "intended to secure the individual from the arbitrary exercise of the powers of government." *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662, 668 (1986). For the purpose of evaluating a due process claim under 42 U.S.C. § 1983, the courts conduct a two-step analysis: whether the plaintiff was deprived of a protected interest; and, if so, what process was due. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982).

As to the first part of the analysis, the defendants in this case do not question the fact that the use of one's automobile is a protected interest.

Under these circumstances, then, what processes is due? Ms. Lee asserts that the seizure of her automobile violated her due process rights because she was denied a pre-towing hearing.

As a general rule, an individual should be given a hearing before being deprived of a significant property interest. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). However, the requirements of due process are flexible and the protection afforded is dictated by the particular situation. *Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The right is not absolute.

With respect to the process due before an automobile is impounded, we know of no authority saying owners are entitled to a hearing before an unregistered automobile may be towed away. In *Fuqua v. Armour*, 543 S.W.2d 64 (Tenn.1976), the Tennessee Supreme Court dealt summarily with the pre-towing issue, although the Court had already found that the seizure was unreasonable on Fourth Amendment

grounds.[1] The Court simply said: "There is no merit to the contention of appellant that he was entitled to notice prior to the seizure of his automobile." 543 S.W.2d at 68. The Court cited *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974) as authority for its conclusion. In that case the United States Supreme Court restated what it had said in *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), "that, in limited circumstances, immediate seizure of a property interest without an opportunity for prior hearing is constitutionally permissible." 416 U.S. at 678, 94 S.Ct. at 2089, 40 L.Ed.2d at 465. Such circumstances included a situation where "the seizure has been directly necessary to secure an important governmental or general public interest." *Id.*

Both *Fuqua* and *Calero–Toledo* involve automobiles transporting illegal substances, so neither is directly on point here. The lower federal courts, however, have addressed the due process problem involved in towing illegally parked or unregistered vehicles. In *Scofield v. City of Hillsborough*, 862 F.2d 759 (9th Cir.1988), a case involving an unregistered vehicle in a no parking zone, the court denied the owner's assertion that he was entitled to a pretowing hearing. The court said:

> We think that the governmental interest in towing unregistered vehicles is analogous to the governmental interest in towing illegally parked vehicles. By towing unregistered vehicles, the government removes these automobiles from the public streets, encourages owners to maintain automobile registration, and deters owners from violating state registration laws. If notice had to be given before a car with a year old registration could be towed, it is likely the car would simply be

driven away. This would not advance the governmental interest of getting the car registered....

862 F.2d at 763–764. *See also Allen v. City of Kinloch*, 763 F.2d 335 (8th Cir. 1985) (municipalities authorizing towing of illegally parked cars are not constitutionally required to establish predeprivation notice and hearing procedures); *Cokinos v. District of Columbia*, 728 F.2d 502 (D.C.Cir.1983) (motorist had no due process right to notice and hearing prior to towing of his illegally parked vehicle from a city street to a central lot).

Under the circumstances of this case we hold that Ms. Lee was not entitled to a hearing before her automobile was towed away.

#### b. Reasonableness

The harder question in this case is whether towing Ms. Lee's car was an unreasonable seizure under the Fourth Amendment. The answer to that question, in any particular case, depends on the facts and circumstances involved, and the burden of showing reasonableness is on the seizing party. *Drinkard v. State*, 584 S.W.2d 650 (Tenn.1979). In *Fuqua v. Armour*, 543 S.W.2d 64 (Tenn.1976), the Court summarized the general rules that make up the test of reasonableness. The Court said:

> A search or a seizure without a warrant is presumptively unreasonable and invalid. *U.S. v. Jeffers* [342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951)]; *McDonald v. U.S.*, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948). The right to search or seize without a warrant is the exception and it exists only under exceptional circumstances. *McDonald v. U.S., supra; Trupiano v. U.S.* [334 U.S. 699, 68 S.Ct.

1. In *Fuqua* the court found that the seizure of the automobile was unreasonable based at least in part on the fact that it was parked on private premises at the time the police towed and impounded it. 543 S.W.2d at 68. We note that our Supreme Court, following the decision of the United States Supreme Court in *California v. Carney*, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985), has held that the inherent mobility of even a lawfully parked vehicle creates a conclusive presumption of exigency so as to justify

searching it without a warrant. *State v. Leveye*, 796 S.W.2d 948 (Tenn.1990). Though the Court of Criminal Appeals has stated in two cases, *State v. Gonzalez*, 1991 WL 1353 (No. 01–C–01–9007–CR–00154, Tenn.Ct.Crim.App., filed in Nashville, Jan. 11, 1991) and *State v. Anderson*, 1991 WL 42427 (No. 929, Tenn.Ct.Crim.App., filed in Knoxville, Apr. 1, 1991), that *State v. Leveye* overruled *Fuqua*, we think *Fuqua* is still controlling authority for the principles stated in this opinion.

1229, 92 L.Ed. 1663 (1948)]. In *McDonald* it was held that when officers are not responding to an emergency, there must be compelling reasons to justify their search or seizure without a warrant. It has been said that the test is the apparent need for summary seizure and that when the securing of a warrant is reasonably practical, it must be used. *Trupiano v. U.S., supra.*

When probable cause exists, an automobile may be searched or seized without a warrant when it is halted while moving along the public street or highway, because of the impracticality of obtaining a warrant before the vehicle may be moved out of the jurisdiction. *Carroll v. U.S.,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *Brinegar v. U.S.,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). But this rule is based solely upon the exigent circumstances existing, i.e., the vehicle is moving on the public highway, which makes it impracticable to obtain a search warrant and does not apply to authorize a search or seizure of a vehicle without a warrant after the vehicle has completed its journey and is at rest on private premises. *U.S. v. Young,* 489 F.2d 914 (6th Cir.1974); *Hart v. U.S.,* 162 F.2d 74 (10th Cir.1947); *Boyd v. State,* 206 Miss. 573, 40 So.2d 303 (1949).

543 S.W.2d at 66.

These rules should be read in context. They were developed in criminal cases where the admissibility of evidence found in a search of the vehicle depends on the reasonableness of the impoundment. In such cases the state has no interest in the operation of the vehicle itself, only in securing its contents. Even then, however, the Supreme Court in *Fuqua* recognized that seizing a vehicle without a warrant may be justified when it is being operated on the streets or highways.

In the case of unregistered vehicles, the state has an interest in the operation of the vehicle itself. Tennessee Code Annotated § 55–4–101 provides:

(a)(1) As a condition precedent to the operation of any motor vehicle upon the streets or highways of this state, such vehicle shall be registered as hereinafter provided.

(b) The commissioner of revenue shall be, and is hereby constituted the registrar of motor vehicles and, except as otherwise provided in chapters 1–6 of this title, every owner of a vehicle intended to be operated in this state and required by this chapter to be registered shall, before same is operated, apply to the department of revenue for the registration thereof and the registration plates therefor.

As the Court in *Scofield v. City of Hillsborough* said, an important state interest is served by encouraging vehicle owners to provide for proper registration and to pay the costs involved. Although Ms. Lee argues that the same result could have been achieved by placing the vehicle in a public garage or simply by leaving it in a proper parking space on the street, we do not see how the governmental interest could be protected without somehow disabling the car and causing the same type of deprivation. *See Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Towing the car to the impoundment lot gave the government the opportunity to make sure the registration laws had been satisfied before releasing the car. *See* Tenn.Code Ann. § 55–4–115(a)(3).

Although the state has an interest in preventing the operation of unregistered vehicles, we do not mean to imply that all unregistered vehicles operating on the streets or highways should be impounded. Nor does the Metropolitan Government take that position. In a legal bulletin issued to its officers in 1987, the police department stated its policy with respect to unregistered vehicles:

I. *Should a vehicle be impounded if it has expired registration plates?* As a condition precedent to the operation of a motor vehicle upon the streets or highways of Tennessee, the vehicle must be registered. T.C.A. 55–4–101. T.C.A. 55–3–102 makes it a misdemeanor to drive or move upon a highway any unregistered vehicle. The penalty is a fine of up to $500, or imprisonment for not more than

six months, or both. Many absent-minded car owners will forget to renew their registration prior to the date of expiration, with no intent to beat the State out of the required fee. An officer must attempt to identify those cases of excusable neglect where registration expired several days or a few weeks earlier, and remind the owner to renew by issuing a citation only. For others impoundment, in addition to a citation, may be appropriate. An owner who has gone weeks or months without renewing his registration may be making a conscious effort to dodge the fee. Impoundment, requiring registration before release, could be the only way to obtain compliance with the law. However, when a vehicle is impounded and the occupants are not arrested, an officer assumes a responsibility for their safety and well-being. Circumstances may weigh heavily on an officer's discretion to avoid the hardships of an impoundment. Also, allowing a driver with an expired registration to proceed down the highway is not likely to result in the same legal consequences as permitting an unlicensed driver to proceed. The latter could be found to be the proximate cause of a subsequent accident; not so for a vehicle without current registration.

We think that under the circumstances of this case the police officer acted reasonably in getting the vehicle off the street. A reasonable officer could conclude that Ms. Lee was determined not to comply with the registration laws. Eleven months had elapsed since her registration expired. Despite being cited for the infraction three weeks earlier, she had not taken any steps to comply with the condition precedent to the lawful operation of her vehicle on the highways of this state. For those reasons, the impoundment of the car was reasonable under the Constitution of the United States.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

LEWIS and KOCH, JJ., concur.