Ruby PAYNE, Appellant,

v.

James J. BREUER, Appellee.

Supreme Court of Tennessee,
at Knoxville.

Dec. 19, 1994.

H.R. Fallin, Mountain City, for appellant.

Erick Herrin, Johnson City, for appellee.

## OPINION

BIRCH, Justice.

In this cause, we granted appellant's application to appeal in order to determine whether a police officer who made a warrantless seizure of funds he believed to have been derived from unlawful drug transactions is entitled to summary judgment on the basis of qualified immunity, under the circumstances here presented, in an action filed pursuant to 42 U.S.C. § 1983. For the reasons stated herein, we find that he is not.

### I

Ruby Payne, the appellant, is the proprietor of the Long Branch Store in Jonesborough. James Breuer, a police officer employed by the City of Bristol and assigned to duty with the Second Judicial Drug Task Force, had been investigating the drug-related activities of Roy Payne, the appellant's son. As a result of his investigation, Breuer believed that certain bank accounts contained proceeds from Roy Payne's unlawful drug activities. Acting on this belief, Breuer seized the funds in two bank accounts—a total of $9,477.11 according to the "Notice of Seizure" forms filed.[1] At the time of the seizure(s), Roy Payne was in police custody, and Breuer did not seek, nor did he obtain, a warrant authorizing the seizure.

Ruby Payne filed suit on June 12, 1991, for damages under 42 U.S.C. § 1983. She chiefly alleged that the funds were hers and that Breuer had seized them without probable cause or judicial authorization. She amended the suit to allege a violation of her civil right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 7, of the Tennessee Constitution.

Breuer filed a "Motion to Dismiss or Alternatively Motion for Summary Judgment" contending that he was immune from liability by virtue of the qualified-immunity doctrine. The trial court agreed with Breuer's position, ruled that the qualified-immunity doctrine immunized Breuer from suit, and granted his motion for summary judgment.

On appeal, the Court of Appeals found that there was a genuine issue as to material fact—whether the funds were owned by Ruby Payne or Roy Payne.[2] Based on this finding, the intermediate court opined that a full evidentiary hearing would be necessary to resolve Breuer's claim of qualified immunity.

### II

In this case we review only the grant of a summary judgment. No presumption of correctness attaches to decisions granting summary judgments because they involve questions of law only. Thus, on appeal, we must determine anew whether the requirements of Tenn.R.Civ.P. 56 have been met. *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn.1991) (*citing Hill v. City of Chattanooga*, 533 S.W.2d 311, 312 (Tenn.Ct.App. 1975).

Tennessee Rules of Civil Procedure provides for the granting of summary judgment upon the request of either party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law." Tenn.R.Civ.P. 56.03.

This Court has provided a three-part analysis for courts to follow when ruling on motions for summary judgment. First, the court must determine whether there is a factual dispute. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn.1993). If none, summary judgment is appropriate. *Id.* Second, the

---

1. One of the forms is dated June 12, 1990, and the other is dated June 15, 1990. Breuer, in his deposition, described the seizure of the accounts as a single event; however, the excerpt of the deposition in the record does not contain any reference to the specific date of the seizure. There is no explanation in the record as to why the two Notice of Seizure forms bear different dates. This factual discrepancy is immaterial for purposes of our analysis of the legal issue in this case.

2. Breuer had been told by a bank officer that the accounts in question belonged to Ruby Payne.

court must determine whether the fact disputed is "material." *Id.* at 215. "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." Third, the court must determine whether the disputed material fact creates a "genuine" issue. A "genuine" issue exists if the court finds that a reasonable jury could "legitimately resolve that fact in favor of one side or the other." *Id.*

As a matter of procedure, the moving party has the burden to show that there is no disputed, material fact creating a genuine issue for trial. *Id.* When the moving party makes such a showing through a motion properly supported by nonconclusory assertions, the burden shifts to the nonmoving party to "set forth specific facts, not legal conclusions, by using affidavits or . . . discovery materials . . . establishing that there [is] indeed [at least a single] disputed, material fact[ ] creating a genuine issue" which must be resolved at trial. The nonmoving party may not rely on allegations made in the pleadings. Any evidence offered by the nonmoving party will be taken as true. *Id.*

There are at least two ways in which the moving party may make the required showing: First, by "affirmatively negat[ing] an essential element of the claim of the nonmoving party"; or second, by establishing an affirmative defense that defeats the nonmoving party's claim. *Id.* at 215, n. 5.

In the case under submission, Breuer chose the latter and attempted to establish the affirmative defense of qualified immunity. Based on our *de novo* review, we find that Breuer failed to establish this defense, and he is not entitled to summary judgment. *See Byrd,* 847 S.W.2d at 215.

## III

As stated, Payne filed her action pursuant to 42 U.S.C. § 1983, seeking damages for an alleged violation of her right to be free from "unreasonable searches and seizures." *See* U.S. Const. amend. IV. Section 1983 creates a private cause of action for citizens whose federal constitutional rights have been violated by persons acting under color of state law.[3] Although the cause of action under § 1983 is narrower than the cause of action available under state law, the two are not mutually exclusive. "The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal [remedy] is invoked." *Fann v. Brailey,* 841 S.W.2d 833 (Tenn.Ct. App.1992) (*citing Monroe v. Pape,* 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961)).

42 U.S.C. § 1983 does not specifically provide for the qualified-immunity defense. However, the United States Supreme Court provides this defense through its holding in *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In *Harlow,* the Court held that public officials have qualified immunity from liability in actions brought under § 1983 and established an objective test to determine whether the public official is entitled to qualified immunity:

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate **clearly established** statutory or constitutional rights of which a reasonable person would have known.

*Id.* at 818 (emphasis added). *See also Fann v. Brailey,* 841 S.W.2d 833 (Tenn.Ct.App. 1992). In order for a right to be "clearly established" the

> contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

---

**3.** "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . ." 42 U.S.C. § 1983 (1982). An action under this section may be brought in federal or state court.

*Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).[4]

By adopting this objective standard, the *Harlow* Court rejected other standards in which the officer's subjective intent was a consideration. As the Court explained:

> Reliance on the objective reasonableness of an official's conduct, as measured by reference to clearly established law, should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment. On summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to "know" that the law forbade conduct not previously identified as unlawful. **Until this threshold immunity question is resolved, discovery should not be allowed.** If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct.

*Harlow,* 457 U.S. at 818–19, 102 S.Ct. at 2738 (footnotes omitted) (emphasis added).

### IV

In order to decide whether Breuer was entitled to qualified immunity, we must analyze the objective reasonableness of his actions in light of the law in effect at the time he seized the funds. We first examine the forfeiture statute authorizing the seizure of assets related to violations of the drug control laws.

Tenn.Code Ann. § 53–11–451(a)(6)(A) authorizes the seizure of "[e]verything of value furnished, or intended to be furnished, in exchange for a controlled substance in violation of the Tennessee Drug Control Act ..., all proceeds traceable to such an exchange,

and all moneys, negotiable instruments, and securities used, or intended to be used, to facilitate any violation of the Tennessee Drug Control Act...." Tenn.Code Ann. § 53–11–451(b) further provides:

> Property subject to forfeiture ... may be seized by the director of the Tennessee bureau of investigation or the director's authorized representative, agent or employee, the commissioner of safety or the commissioner's authorized representative, agent or employee, or a sheriff, deputy sheriff, municipal law enforcement officer or constable **upon process issued by any circuit or criminal court having jurisdiction over the property. Seizure without process may be made if:**
>
> (1) The seizure is incident to an arrest or a search under a search warrant or an inspection under an administrative inspection warrant;
>
> (2) The property subject to seizure has been the subject of a prior judgment in favor of the state in a criminal injunction or forfeiture proceeding....;
>
> (3) The director or the director's representative, agent or employee, ..., has probable cause to believe that the property is directly or indirectly dangerous to health or safety; or,
>
> (4) The director or the director's representative, agent or employee, ..., has probable cause to believe that the property was used or is intended to be used in violation of parts 3 and 4 of this chapter or [the Tennessee Drug Control Act].

(Emphasis added.)

The above statute clearly requires that a warrant be obtained prior to any seizure made under it unless one of the stated exceptions applies. Nothing in the record suggests that one of the first three exceptions applies to the seizure of these funds. Because the seizures were "narcotics related," it is the fourth exception that could, arguably, apply: that is, that Breuer had "probable

---

**4.** *Anderson v. Creighton* was also a case where the plaintiff sued pursuant to an alleged violation of his right to be free from "unreasonable searches and seizures." In that case, the United States Supreme Court found that the record was unclear regarding the existence of exigent cir-

cumstances. Thus, the Court remanded the case for further determinations regarding the objective reasonableness of the defendant's actions. In the case under submission, we find clearly that no exigent circumstances existed. Thus, no remand is required.

cause to believe that [the funds in the two bank accounts] [were] used or ... intended to be used in violation of parts 3 and 4 of this chapter or [the Tennessee Drug Control Act]." *See* Tenn.Code Ann. § 53–11–451(b)(4).

In *Fuqua v. Armour*, 543 S.W.2d 64 (Tenn. 1976), this Court held that § 53–11–451(b)(4) [5] is constitutional only if the statute is construed to include an "exigent circumstances" requirement. In that case, Fuqua's car had been seized on the date of his arrest for alleged violations of the Tennessee Drug Control Act. It was alleged that drugs had been transported in and sold from Fuqua's car. When he was arrested approximately three weeks after the last of his several alleged drug sales to undercover officers, Fuqua was inside his house; his car was parked in his carport. Although Fuqua was arrested pursuant to a presentment by the grand jury, no warrant had been obtained for the seizure of his car. Holding that the seizure was in violation of the search and seizure provisions of both the federal and state constitutions,[6] the Court stated:

T.C.A. § 52–1443(b)(4) [the earlier version of § 53–11–451(b)(4)] should not be construed as authorizing the seizure of an automobile without a warrant under circumstances such as those disclosed in the facts of this case. **The fact that probable cause exists for seizure is not enough; there must also exist "exigent circumstances"; therefore, T.C.A. § 52–1443(b)(4) should be construed as authorizing a seizure without a warrant, upon probable cause, only when "exigent circumstances" exist justifying summary seizure. "No amount of probable cause can justify a warrantless search or seizure, absent 'exigent circumstances.'"** *Coolidge v. New Hampshire, supra* [403 U.S. 443, 468, 91 S.Ct. 2022, 2039, 29 L.Ed.2d 564 (1971)] Thus construed and restricted, T.C.A. § 52–1443(b)(4) may constitutionally be applied.

*Fuqua,* 543 S.W.2d at 68 (emphasis added).

■ Applying these principles to the case before us, we find that Breuer seized the funds in the bank accounts without a warrant and in the absence of exigent circumstances. Assuming, solely for the purpose of argument, that the facts in the record were sufficient to establish probable cause that Roy Payne had generated the funds through unlawful drug activity, nothing in the record suggests the existence of exigent circumstances. Roy Payne was already in custody when the funds were seized; nothing indicates that the money was about to be withdrawn by another person, nor is there any suggestion of any other exigent circumstances which might have justified a warrantless seizure of the funds.

■ We find that at the time of the seizure, the law was "clearly established" that Breuer was required to obtain a warrant prior to seizing the funds in the two bank accounts. *See Harlow,* 457 U.S. 800, 102 S.Ct. 2727; *Anderson,* 483 U.S. 635, 107 S.Ct. 3034. Thus, we hold that Breuer's actions were not objectively reasonable under clearly established law. Therefore, Breuer is not entitled to qualified immunity. Further, we find that this issue is properly resolved without an evidentiary hearing.[7] *See Harlow,* 457 U.S. at 818–19, 102 S.Ct. at 2738–39.

V

For all the above reasons we find that Breuer did not establish an affirmative defense to defeat Payne's claim. Thus, Breuer did not meet his burden to show that there is no disputed, material fact creating a genuine issue for trial. *Byrd v. Hall,* 847 S.W.2d 208,

---

5. At the time *Fuqua* was decided, this statute was codified as Tenn.Code Ann. § 52–1443(b)(4). Except for the renumbering of this section and the statutes referred to in this section, and except for the addition of the director of the Tennessee Bureau of Investigation and the director's agents as persons who may make seizures pursuant to the statute, the substantive portions of this section have not changed since *Fuqua* was decided.

6. *Fuqua* was based upon both the state and federal constitutions. Because § 1983 pertains to deprivations of rights secured by the federal constitution and federal laws, it is the Fourth Amendment basis of *Fuqua* which is pertinent here.

7. To the extent that the conclusion reached by the intermediate court differs from ours in this most important respect, it is overruled.

215 (Tenn.1993); Tenn.R.Civ.P. 56.03. Therefore, we hold that Breuer was not entitled to a summary judgment on the basis of qualified immunity. In so holding, we express no opinion as to the ultimate result to be reached on the merits.

The case is remanded for further proceedings consistent with this opinion.

The costs of this appeal are taxed to the appellee.

ANDERSON, C.J., DROWOTA and REID, JJ., and O'BRIEN, Special Justice, concur.