# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

FILED

**September 17, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

| | | |
|---|---|---|
| EDNA DANIELS, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | Davidson Circuit |
| | ) | No. 92C-215 |
| VS. | ) | |
| | ) | Appeal No. |
| | ) | 01A01-9702-CV-00068 |
| DAVID WAYNE DAVIS, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE WALTER C. KURTZ, JUDGE

For the Plaintiff/Appellant:

Keith Jordan
Nashville, Tennessee

For the Defendant/Appellee:

Thomas F. Mink, II
Keith W. Blair
Nashville, Tennessee

## VACATED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This appeal involves a woman who fell down a flight of basement stairs in her son's home. The woman filed suit against her son in the Circuit Court for Davidson County alleging that her injuries were caused by the removal of a handrail and the obstruction of the illumination on the stairs. The trial court, relying on *Eaton v. McClain,* 891 S.W.2d 587 (Tenn. 1994), granted the son's motion for summary judgment. The woman asserts on this appeal that the existence of genuine factual disputes should have prevented granting a summary judgment. While the facts in this case are essentially undisputed, we have determined that the conclusions to be drawn from the facts are not. Accordingly, we vacate the summary judgment.

## I.

In 1987 David Wayne Davis purchased a 25-year-old home on American Road in Nashville. He lived there with his mother, Edna Daniels, one of his two brothers, and his sister and her two children. The home had an improved basement with an outside exit that was connected to the first floor of the house by a steep set of stairs. These stairs were used frequently to enter and leave the house. Mr. Davis installed a handrail on the upper portion of the stairs when he moved into the house because he was concerned about the safety of his sister's children.

In mid-1991 Ms. Daniels accepted a job as a care-taker for an elderly stroke victim and moved out of Mr. Davis's house. She took the job because Mr. Davis needed additional funds to complete the renovations on his house. Ms. Daniels still considered Mr. Davis's house her permanent residence and visited there frequently on the weekends.

Mr. Davis undertook a number of home improvement projects with the help of his brother and other family members and friends. One of these projects involved rebuilding the basement stairs because several of the treads were weak and because his brother told him that the pitch of the stairs was too steep. The

project included changing the pitch of the stairs and adding four additional steps, installing paneling and trim in the stairwell, replacing the carpet on the stairs, and building a bookcase at the top of the stairs. Ms. Daniels was aware that her son was rebuilding the stairs, and she had even used the stairs during construction.

Ms. Daniels arrived at Mr. Davis's home for a weekend visit on November 2, 1991. Early the next morning, she decided to do some grocery shopping for the family's Thanksgiving dinner. Ms. Daniels lost her footing as she descended the stairs. She reached instinctively for the handrail that had been installed on the left of the stairs, but unbeknownst to her, Mr. Davis had removed the handrail in order to facilitate the renovations. Without the handrail to steady her, Ms. Daniels fell against the wall and then fell the rest of the way down the stairs, injuring her right ankle and foot. No other family members observed Ms. Daniels fall.

Ms. Daniels sued Mr. Davis in the Circuit Court for Davidson County in March 1992, alleging that the absence of the handrail and the reduced illumination on the stairway resulting from the construction of the bookcase had caused her injuries and that Mr. Davis had negligently failed either to remove or to warn her of the dangerous condition. Mr. Davis moved for summary judgment, and on November 20, 1996, the trial court, relying on *Eaton v. McClain,* 891 S.W.2d 587 (Tenn. 1994), granted the motion because "the plaintiff proceeded down the stairs, which she was familiar with and knew were under construction and poorly lighted and can offer no explanation as to why she slipped." Ms. Daniels perfected this appeal.

## II.

Decisions to grant a summary judgment do not enjoy the presumption of correctness on appeal. *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995). Our task on appeals from summary judgments is to determine independently whether the moving party has satisfied the twin requirements of Tenn. R. Civ. P. 56. *Hembree v. State,* 925 S.W.2d 513, 515 (Tenn. 1996); *Payne v. Breuer,* 891 S.W.2d 200, 201 (Tenn. 1994). Tenn. R. Civ. P. 56.03 requires a party seeking a summary judgment to demonstrate that there are no genuine disputes concerning the material facts and that they are entitled to a judgment as a matter of law. *Bain*

*v. Wells,* 936 S.W.2d 618, 622 (Tenn. 1997); *Wyatt v. A-Best Co.,* 910 S.W.2d 851, 854 (Tenn. 1995).

Summary judgments are not substitutes for trials of disputed factual issues, *Blocker v. Regional Medical Ctr.,* 722 S.W.2d 660, 660-61 (Tenn. 1987), and should not be used to find facts or to choose between various factual inferences that may be drawn from the facts. *Byrd v. Hall,* 847 S.W.2d 208, 216 (Tenn. 1993). The courts must view the evidence in the light most favorable to the nonmoving party, *Haynes v. Hamilton County,* 883 S.W.2d 606, 613 (Tenn. 1994), and must draw all reasonable inferences in the nonmoving party's favor. *Pittman v. Upjohn Co.,* 890 S.W.2d 425, 428 (Tenn. 1994). Accordingly, courts should grant a summary judgment only when the facts and the conclusions reasonably drawn from the facts support the conclusion that the moving party is entitled to a judgment as a matter of law. *McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms,* 900 S.W.2d at 26. They should refrain from granting a summary judgment if any uncertainty or doubt exists with regard to the facts or the conclusions to be drawn from the facts. *Byrd v. Hall,* 847 S.W.2d at 211; *Poore v. Magnavox Co.,* 666 S.W.2d 48, 49 (Tenn. 1984).

The nature and scope of a person's duty in particular circumstances is a question of law. *McClung v. Delta Square Ltd. Partnership,* 937 S.W.2d 891, 894 (Tenn. 1996); *Blair v. Campbell,* 924 S.W.2d 75, 78 (Tenn. 1996). Accordingly, a motion for summary judgment is an appropriate vehicle for determining the existence and scope of duty when the factual circumstances are not in dispute. *See Nichols v. Atnip,* 844 S.W.2d 655, 658 (Tenn. Ct. App. 1992). In cases where the undisputed facts demonstrate that both the plaintiff and defendant have been negligent, a motion for summary judgment may also provide the court with a vehicle for determining whether the fault attributable to the plaintiff was equal to or greater than the fault attributable to the defendant. *See Eaton v. McClain,* 891 S.W.2d at 590 (dictum recognizing a trial court's prerogatives in response to a motion for directed verdict or a motion for judgment notwithstanding the verdict).[1]

---

[1]The standards for adjudicating motions for summary judgment have frequently been analogized to the standards for adjudicating motions for directed verdict or motions for judgment notwithstanding the verdict. *Mike v. PO Group, Inc.,* 937 S.W.2d 790, 792 (Tenn. 1996); *Speaker v. Cates, Co.,* 879 S.W.2d 811, 815 (Tenn. 1994); *Jones v. Exxon Corp.,* 940 S.W.2d 69, 71 (Tenn. Ct. App. 1997).

## III.

Homeowners owe a duty to their social guests to use due care under all the circumstances. *Hudson v. Gaitan,* 675 S.W.2d 699, 703 (Tenn. 1984). They have a duty to maintain their premises in a reasonably safe condition, and this duty includes either removing or warning against latent dangerous conditions on the premises that they knew or should have known about. *Eaton v. McClain,* 891 S.W.2d at 593-94; *see also Smith v. Inman Realty Co.,* 846 S.W.2d 819, 823 (Tenn. Ct. App. 1992). Owners and occupiers of property do not have a duty to protect invitees from injuries that are not reasonably foreseeable. *See Doe v. Linder Constr. Co.,* 845 S.W.2d 173, 178 (Tenn. 1992). Since it is not reasonably foreseeable that invitees will permit themselves to be injured by open and obvious dangers, homeowners do not have a duty to warn invitees of obvious dangerous conditions. *Eaton v. McClain,* 891 S.W.2d at 595.

The Tennessee Supreme Court has used these principles to absolve a homeowner from liability for injuries to a guest who fell down basement stairs in the middle of the night after mistaking the basement door for the bathroom door. The court reasoned that it was not reasonably foreseeable that a guest in search of a bathroom in the middle of the night would not turn on a light and would walk through a pitch black doorway into an unfamiliar area. *Eaton v. McClain,* 891 S.W.2d at 595-96.

The undisputed facts relating to Ms. Daniels's fall depict circumstances far different from those existing in *Eaton v. McClain.* The stairs in this case were used frequently to enter and leave the house, even while they were being reconstructed. Accordingly, Mr. Davis should have foreseen that the persons using the stairs might use the handrail to steady themselves. Since Mr. Davis had a duty to maintain these stairs in a reasonably safe condition, he had a duty either to provide a suitable substitute for the handrail or to warn persons using the stairs that the handrail had been removed. There is no evidence in this case that Mr. Davis provided either.

The undisputed facts gleaned from the depositions of Ms. Daniels and Mr. Davis could permit a reasonable fact-finder to conclude that both Mr. Davis and Ms. Daniels were negligent. Mr. Davis negligently failed to maintain the stairs in a reasonably safe condition while he was rebuilding them; while Ms. Daniels negligently failed to watch where she was going as she descended the stairs. While Ms. Daniels's case is razor thin, we cannot conclude that the only reasonable conclusion to be drawn from the undisputed facts is that Ms. Daniels's negligence was greater than Mr. Davis's negligence. Since we cannot conclude as a matter of law that the negligence attributable to Ms. Daniels outweighs the negligence attributable to Mr. Davis, we conclude that the trial court erred by granting the summary judgment in this case. Under the facts of this case, comparing the fault of Mr. Davis and Ms. Daniels should be left to the jury.

## IV.

We vacate the summary judgment and remand the case to the trial court for further proceedings consistent with this opinion. We also tax the costs of this appeal to David Wayne Davis for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
BEN H. CANTRELL, JUDGE