**Billy H. PINNIX, Plaintiff,**

v.

**Dean POLLOCK, et al., Defendants.**

**No. 03–1150–T0AN.**

United States District Court,
W.D. Tennessee,
Eastern Division.

April 5, 2004.

James S. Haywood, Law Offices of James S. Haywood, Jr., Brownsville, TN.

John D. Burleson, Rainey Kizer Reviere & Bell, Jackson, TN.

Milton Dale Conder, Rainey Kizer Reviere & Bell, Jackson.

Kenny Cavness, Circuit Court Clerk, Lexington, TN.

S. Thomas Anderson, U.S. Magistrate Judge, Jackson.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TODD, District Judge.

The plaintiff, Billy H. Pinnix, filed this action in the Circuit Court of

Henderson County, Tennessee, alleging that his constitutional rights were violated as a result of an incident that occurred on May 31, 2002. He sues Dean Pollock, a police officer for the City of Lexington, Tennessee; Benny Scott, the Mayor of Lexington;[1] the City of Lexington (the "City"); and John Doe.[2] The defendants removed the action to this Court pursuant to 28 U.S.C. § 1441 *et seq.*, on the basis of federal question jurisdiction. 28 U.S.C. § 1331.

Plaintiff alleges that his vehicle and a sum of money were seized by Pollock in violation of the Fourth Amendment to the United States Constitution, and the Tennessee Constitution. Plaintiff also alleges that the City failed to adequately train Pollock, and that this failure constitutes deliberate indifference to his constitutional rights. In addition, plaintiff asserts a claim of negligence. Before the Court is a motion for summary judgment filed on behalf of the defendants. Plaintiff has not responded to the motion.

Motions for summary judgment are governed by Fed.R.Civ.P. 56. If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Fed.R.Civ.P. 56(c). The moving party may support the motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The opposing party may not rest upon the pleadings but must go beyond the pleadings and "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548.

"If the defendant ... moves for summary judgment ... based on the lack of proof of a material fact, ... [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, the court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter but only to determine whether there is a genuine issue for trial. *Id.* at 249, 106 S.Ct. 2505. Rather, "[t]he inquiry on a summary judgment motion ... is ... 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Liberty Lobby*, 477 U.S. at 251–52, 106 S.Ct. 2505). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

---

**1.** Defendant Benny Scott is sued only in his official capacity. A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). As the City is also sued, naming Scott as a defendant adds nothing to the action.

**2.** The filing of a complaint against a "John Doe" defendant does not toll the running of the statute of limitations against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.1996); *Bufalino v. Michigan Bell Telephone Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). As the one-year statute of limitations for personal injury actions has expired, and plaintiff has failed to identify any other defendants, the claims against "John Doe" must also be dismissed.

158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

If a party does not respond to a motion for summary judgment, the Federal Rules of Civil Procedure provide that "summary judgment, if appropriate, shall be entered against him." Fed.R.Civ.P. 56(e). The fact that plaintiff did not respond does not require granting defendant's motion. However, if the allegations of the complaint are contravened by defendant's affidavits and defendant is entitled to judgment as a matter of law on those facts, then summary judgment is appropriate. *Smith v. Hudson,* 600 F.2d 60, 65 (6th Cir.1979).

The undisputed facts show that on May 31, 2002, Pollock was dispatched to watch for a drunk driver on East Church Street in the City, and observed an individual in a truck driving erratically, straddling the center line. He pulled the truck over and smelled a strong odor of alcohol as he approached the vehicle. Pollock discovered that plaintiff was the driver of the truck, and that he was extremely intoxicated. Upon searching the truck, Pollock found two loaded handguns, three pill bottles containing approximately 171 tablets which had been cut in half, and $751.22 in currency. The pill bottles indicated that the prescriptions, for Amitryptiline, had been filled at two different pharmacies in Mississippi, and were in the name of a female. Sergeant Jeff Middleton took the pills to the local hospital, where he was told by a doctor that Amitryptiline was a Schedule V drug. Based upon this information, plaintiff was arrested for possession of Schedule V drugs with intent to resell, driving under the influence, and carrying a weapon while under the influence. Plaintiff's truck and its contents were seized, and on June 4, 2002, a warrant authorizing the forfeiture of the truck and currency pursuant to Tenn.Code Ann. § 53–11–451(a), was obtained from a judge.

The Tennessee Bureau of Investigation laboratory ultimately advised Pollock that the pills found in plaintiff's truck were not a Schedule V drug. Within one week after obtaining that information, Pollock notified the attorney for the State of Tennessee who was handling the forfeiture proceeding. Accordingly, on March 25, 2003, an administrative judge ordered plaintiff's truck and currency returned to him. Plaintiff signed a receipt for the property on April 21, 2003.

The defendants first argue that Pollock is entitled to qualified immunity. While acting within the scope of their discretionary authority, government officials "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (citations omitted).

When ruling upon the defense of qualified immunity from suit under § 1983, the Court must resolve two questions in the proper sequence. *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). First, the Court must determine whether the facts, taken in the light

most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right. If not, the inquiry ends in the defendants' favor. However, an affirmative answer requires the Court to address the second issue, which is whether the right was clearly established. *Id.* If the right is clearly established, the Court must then determine whether the facts supported by the evidence demonstrate that what the defendant did was objectively unreasonable in light of that clearly established right. *Flint ex rel. Flint v. Kentucky Dept. of Corr.,* 270 F.3d 340, 350 (6th Cir.2001).

■ Under the Fourth Amendment, law enforcement officers must have probable cause to arrest an individual and seize his property. Probable cause has been defined as those "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense," *Michigan v. DeFillippo,* 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979), and that the items seized are evidence that a crime has been committed. *Greene v. Reeves,* 80 F.3d 1101, 1106 (6th Cir.1996).

■ Even taken in the light most favorable to plaintiff, the uncontradicted evidence in the record shows that, at the time of his arrest, plaintiff was in possession of three bottles of pills that were not in his name, the origins of which were suspicious, and which a doctor had identified as a Schedule V drug. This information clearly was sufficient for a reasonable officer to believe that plaintiff had committed, or was committing a drug offense. Furthermore, once Pollock learned the pills were not a Schedule V drug, he notified the prosecutor, and plaintiff's property was returned to him. Therefore, the Court con-

cludes that there was no constitutional violation, and Pollock is entitled to qualified immunity. Accordingly, Pollock also is entitled to judgment as a matter of law on the § 1983 claims against him.

■ The Court also concludes that even if there were a constitutional violation, there is no basis upon which to hold the City liable under § 1983. A municipal defendant cannot be held liable under § 1983 on the basis of *respondeat superior.* There must be a showing that the constitutional violation stems from the enforcement of a governmental policy or custom. *Monell v. Department of Soc. Serv.,* 436 U.S. 658, 691 & 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, a local governmental entity, such as a city or a county, "is not vicariously liable under § 1983 for the unconstitutional conduct of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer." *Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 122, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). This requires a showing that "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Board of County Comm'rs v. Brown,* 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

■ The Supreme Court has specifically held that "the inadequacy of police training may serve as the basis for § 1983 liability," but "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). "[P]laintiff must prove that the training program is inadequate to the task an officer must perform; that the inadequacy is the result of deliberate indifference; and that the inadequacy is 'closely related to' or 'actually caused' the plaintiff's injury." *Matthews v. Jones,*

35 F.3d 1046, 1049 (6th Cir.1994) (quoting *City of Canton,* 489 U.S. at 390–91, 109 S.Ct. 1197). "Allegations that a particular officer was improperly trained are insufficient to prove liability, as are claims that a particular injury could have been avoided with better training." *Sova v. City of Mt. Pleasant,* 142 F.3d 898, 904 (6th Cir.1998).

 In this case, the defendants have submitted evidence that Pollock was certified by the Police Officer Standards and Training Commission following completion of Basic Police School at the Tennessee Law Enforcement Training Academy, and has also completed the necessary forty hours of annual in-service training. Plaintiff has offered nothing to suggest that this training was inadequate. Therefore, the City and Mayor Scott are entitled to judgment as a matter of law on plaintiff's § 1983 claims.

■ With regard to plaintiff's claims of a state constitutional violation, Tennessee does not recognize a private right of action for violations of the Tennessee Constitution. *Bowden Bldg. Corp. v. Tennessee Real Estate Comm'n,* 15 S.W.3d 434, 444–45 (Tenn.Ct.App.1999); *Lee v. Ladd,* 834 S.W.2d 323, 324–25 (Tenn.Ct.App. Mar.4, 1992); *see also Cline v. Rogers,* 87 F.3d 176, 179–80 (6th Cir.1996); *Alexander v. Beale Street Blues Co.,* 108 F.Supp.2d 934, 945 (W.D.Tenn.1999).

■ Lastly, the Court concludes that the defendants are entitled to judgment as a matter of law on plaintiff's negligence claim.[3] In order "to establish negligence, one must prove: (1) a duty of care owed by defendant to plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." *McClung*

*v. Delta Square Ltd. P'ship,* 937 S.W.2d 891, 894 (Tenn.1996). In this case, the only evidence in the record shows that Pollock's actions in arresting plaintiff and seizing his property, based on the information Pollock had at the time, were reasonable. Likewise, once Pollock learned that the pills found in plaintiff's possession were not a Schedule V drug, he promptly took action that resulted in the return of plaintiff's property. Thus, assuming the other elements of a negligence claim were met, Pollock's conduct clearly did not fall below the applicable standard of care.

For the foregoing reasons, the defendants' motion for summary judgment is GRANTED. The Clerk of Court is directed to prepare a judgment.

IT IS SO ORDERED.

---

**3.** Pursuant to the Tennessee Governmental Tort Liability Act, Pollock could not be held liable for negligence in his individual capacity, Tenn.Code Ann. § 29–20–310(b).