IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Submitted on Briefs September 3, 2009

**TIMOTHY MORTON v. STATE OF TENNESSEE**

**Appeal from the Tennessee Claims Commission**
**No. 20081153     Stephanie R. Reevers, Claims Commissioner**

_____

**No. M2008-02305-COA-R3-CV - Filed October 13, 2009**

_____

Claimant filed this claim for damages seeking return of bond money he had posted. He alleged a violation of his constitutional rights resulted when the State charged him for the same two crimes in two different counties. The State responded with a motion to dismiss contending that the Claims Commission lacks subject matter jurisdiction over the claim. The Claims Commissioner granted the motion. Claimant appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Tennessee Claims Commission Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Timothy Morton, Gallatin, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael E. Moore, Solicitor General; Mary M. Bers, Senior Counsel, for the Appellee, State of Tennessee.

**OPINION**

I. BACKGROUND

On March 21, 2000, the claimant, Timothy Morton, was arrested in Sumner County after a high speed chase that started in Davidson County. After Mr. Morton made bond in Sumner County, he was transported to Davidson County, where he was charged with the same offenses he had been cited for in Sumner County – evading arrest and reckless endangerment. The record reveals that the charges in Davidson County were eventually "nolled" on June 5, 2000. In November 2000, Mr. Morton entered a guilty plea in the Circuit Court of Sumner County and was sentenced to four years at 30% for evading arrest and two years at 30% for reckless endangerment. The sentences were ordered to run consecutively.

In 2005, Mr. Morton filed a petition for writ of habeas corpus, alleging that his convictions for evading arrest and reckless endangerment violate the constitutional prohibition against double jeopardy. The trial court determined that the judgment and conviction for reckless endangerment should be set aside and that a nolle prosequi should be entered.

In April 2008, Mr. Morton, acting pro se, filed a claim for damages with the Division of Claims Administration. Mr. Morton asserted a violation of his constitutional right against double jeopardy because he was charged for the same two crimes in both counties. He noted that he was required to post bond on the reckless endangerment charge in both Davidson and Sumner counties, and that his conviction on that charge was later vacated. Claimant seeks the return of the bond money he posted.

The claim was transferred to the Claims Commission three months later. After the State filed a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(1) and (6), the Claims Commissioner entered an order of dismissal based on lack of subject matter jurisdiction. Her order noted, inter alia,

> Mr. Morton contends that he has suffered a violation of his rights under the Tennessee Constitution and the U.S. Constitution and argues that the Claims Commission has jurisdiction to consider these violations under Tenn. Code Ann. § 9-8-307(a)(1)(N), relative to negligent deprivation of statutory rights created under Tennessee law, except for actions arising out of claims over which the civil service commission has jurisdiction. In order to state a claim for negligent deprivation of a statutory right, Mr. Morton must show "that the general assembly expressly conferred a private right of action in favor of the claimant against the state for the state's violation of the particular statute's provisions[.]" Tenn. Code Ann. § 9-8-307(a)(1)(N) (emphasis added). Tenn. Code Ann. § 9-8-307(a)(1)(N) limits its application to statutory rights created under *Tennessee* law and federal law violations may not be addressed under this provision. Insofar as Mr. Morton contends that his rights under the Tennessee Constitution have been violated, his complaint does not demonstrate that the legislature has created a private right of action for violations of the Tennessee Constitution. See *Bowden Bldg. Corp. v. Tennessee Real Estate Com'm*, 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999) (finding that Tennessee has not recognized any implied cause of action for damages based upon violations of the Tennessee Constitution); *Lee v. Ladd*, 834 S.W.2d 323, 324 (Tenn. Ct. App. 1992).

> While the State has consented to suit for damages relative to the categories of claims set forth in Tenn. Code Ann. § 9-8-307(a)(1), it has not waived its immunity from suit for claims for constitutional law violations under the state or federal constitutions. Because Mr. Morton has not alleged a cause of action falling within the Commission's jurisdiction, his complaint is dismissed.

This appeal followed.

## II.  ISSUES

The issues presented for review are as follows:

1.  Whether, based on lack of subject matter jurisdiction, the Claims Commission properly dismissed this claim for alleged deprivation of a constitutional right when the General Assembly in 1989 withdrew jurisdiction of the Claims Commission over any claim for negligent deprivation of constitutional rights, federal or state, and when there is no implied cause of action for violation of the Tennessee Constitution?

2.  Whether, even if there were jurisdiction, the doctrine of prosecutorial immunity would bar this claim?

## III.  STANDARD OF REVIEW

When evaluating the merits of a motion to dismiss, a court must construe the claim liberally, presuming the factual allegations to be true and giving the claimants the benefit of all reasonable inferences.  *Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002).  A motion to dismiss based on lack of subject matter jurisdiction pursuant to Tenn. R. Civ. P. 12.02(1) concerns "the nature of the cause of action and the relief sought."  *Northland Ins. Co. v. State,* 33 S.W.3d 727, 729 (Tenn. 2000)(citations omitted).  Subject matter jurisdiction "can only be conferred on a court by constitutional or legislative act."  *Id. (*citing *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989)).  The determination of whether subject matter jurisdiction exists is a question of law, the standard of review is de novo, without a presumption of correctness.  *Id.*

## IV.  DISCUSSION

### A.

The Constitution of the State of Tennessee provides that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may direct."  Tenn. Const. art. 1, §17. This constitutional provision reflects sovereign immunity, the principle that a sovereign governmental entity cannot be sued in its own courts without its consent.  *Northland Ins. Co.*, 33 S.W.3d at 729; *Stewart v. State*, 33 S.W.3d 785, 790 (Tenn. 2000).  The rule of sovereign immunity in Tennessee is both constitutional and statutory.  It is not within the power of the courts to amend it.  *Jones v. L & N Railroad Co.*, 617 S.W.2d 164, 170 (Tenn. Ct. App. 1981).

The Legislature has waived its sovereign immunity as to certain actions brought before the Tennessee Claims Commission.  *See* Tenn. Code Ann. § 9-8-301, et seq.  Tenn. Code Ann. § 9-8-307(a)(1) (Supp. 2008) provides that "[t]he commission or each commissioner sitting individually

has exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of 'state employees,'" which fall within one of several categories. The statute lists categories (A) through (V). Outside of these categories, no jurisdiction exists for claims against the State.

All claims pursuant to Tenn. Code Ann. § 9-8-307 must be based on the acts or omissions of state employees. *See* Tenn. Code Ann. § 9-8-307(a)(1). There is no jurisdiction over claims not based on the acts or omissions of state employees. Our review of the record before us reveals that Mr. Morton has failed to identify any acts or omissions of any state employee. He expresses dissatisfaction with his attorney. However, a court-appointed attorney is not considered a "state employee" for purposes of the Claims Commission's jurisdiction under Tenn. Code Ann. § 9-8-307. *See* Tenn. Code Ann. § 8-42-103 (2002).

In 1989, the General Assembly specifically repealed provisions in Tenn. Code Ann. § 9-8-307(a)(1)(N) for negligent deprivation of constitutional rights. *See* 1989 Tenn. Pub. Acts. No. 491, § 1. Further, as noted by the Claims Commissioner, "Tenn. Code Ann. § 9-8-307(a)(1)(N) limits its application to statutory rights created under *Tennessee* law and federal law violations may not be addressed under this provision." As 9-8-307(a)(1)(N) itself states, it is limited to [n]egligent deprivation of statutory rights created under Tennessee law . . . ." Tenn. Code Ann. § 9-8-307(a)(1)(N). There is no jurisdiction to decide claims involving federal law.

Additionally, Tennessee has not recognized an implied cause of action for damages based upon violations of the Tennessee Constitution. *See Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n*, 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999); *see also Lee v. Ladd*, 834 S.W.2d 323, 325 (Tenn. Ct. App. 1992). Under Tenn. Code Ann. § 9-8-307(a)(1)(N), a claimant must prove "that the general assembly expressly conferred a private right of action in favor of the claimant against the state for the state's violation of the particular statute's provisions." *See* Tenn. Code Ann. § 9-8-307(a)(1)(N).

Accordingly, the Claims Commissioner correctly held that there is no category of claim under Tenn. Code Ann. § 9-8-307 giving the Claims Commission subject matter jurisdiction over a claim for violation of a claimant's constitutional right. The order of dismissal is affirmed.

B.

As noted by the State, even if subject matter jurisdiction could be found in this matter, the claim would still be barred by the doctrine of prosecutorial immunity. Prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The case law of this state supports giving prosecutors this same immunity for common law actions. *See Shell v. State*, 893 S.W.2d 416, 421 (Tenn. 1995). The State, when sued for allegations arising from the prosecutorial functions of state officials, may claim this immunity. Under Tenn. Code Ann. § 9-8-307(d), any absolute common law immunity that

would be available to a state employee, such as the State's prosecutors, inures to the State in a claim against the State.

Prosecutorial immunity extends to a prosecutor's decision to seek an arrest warrant and to prosecute. *See Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). The prosecutorial function of presenting the State's case at trial is also protected. *Imbler*, 424 U.S. at 431. The same protections extend to judges in executing their functions in the judicial process. *See Bradley v. Fisher*, 80 U.S. 335, 347 (1871). Under § 9-8-307(d), these same immunities are available to the State.

Mr. Morton's allegations relate to the protected judicial functions of prosecutors, for which the State has immunity. Thus, even if the allegations were that these functions were negligently performed, they would still be absolutely protected and may not form the basis for a claim against the State in the Claims Commission.

## V.  CONCLUSION

The judgment of the Claims Commission granting the State's motion to dismiss is affirmed. This case is remanded for collection of costs taxed below, pursuant to applicable law. Costs on appeal are taxed to the Appellant, Timothy Morton.

_____
JOHN W. McCLARTY, JUDGE