# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### August 21, 2012 Session

## CYNTHIA FARRAR v. STATE OF TENNESSEE

### Appeal from the Tennessee Claims Commission for Davidson County
### No. T20101516    Hon. Robert Hibbett, Commissioner

---

### No. M2011-02559-COA-R3-CV - Filed September 7, 2012

---

This appeal involves the forfeiture of property that had been either used or furnished in violation of the Drug Control Act. The property at issue was subject to a lien held by Citizens Bank. Following the forfeiture of the seized property, Citizens Bank notified the State of its lien and requested the return of the property. The State directed Citizens Bank to file an appeal with the chancery court. Instead, Citizens Bank sued Claimant for the balance owed on the property and an order of judgment was entered against Claimant. Claimant filed suit against the State in the Claims Commission, alleging that the State was negligent because it failed to notify the proper lienholder of the forfeiture. The State filed a motion for summary judgment, which was granted by the Claims Commission. Claimant appeals. We affirm the decision of the Claims Commission.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Tennessee Claims Commission Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Peter J. Strianse, Nashville, Tennessee, for the appellant, Cynthia Farrar.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Rebecca Lyford, Senior Counsel, Civil Rights and Claims Division, Nashville, Tennessee, for the appellee, State of Tennessee.

**OPINION**

**I. BACKGROUND**

On April 23, 2006, the 18th Judicial District Drug Task Force ("Seizing Agency") seized 25 items of personal property, including a 2004 Freightliner motor home ("the Freightliner"), from Cynthia Farrar ("Claimant") and her husband. After finding that there was probable cause that the Freightliner had been used in violation of the Drug Control Act or was obtained with proceeds traceable to a violation of the Drug Control Act, the court issued a forfeiture warrant, providing that there was probable cause to believe that Claimant, her husband, and Chase Bank ("Chase"), the only lienholder listed on the certificate of title, "had knowledge of or participated in the use of the [Freightliner] in violation of the" Drug Control Act. On May 3, 2006, the Tennessee Department of Safety ("the TDOS") mailed a notice to Chase, providing that the Freightliner

> will be forfeited and subject to public sale or other lawful disposition after thirty (30) days from receipt of this notice unless the secured party shall file with the [TDOS] a copy of the title and the security agreement encumbering the seized vehicle.

Chase did not respond to the notice. Shortly thereafter, Claimant filed a proposed settlement and release of liability ("the Settlement Agreement"), agreeing to the forfeiture of the Freightliner to the Seizing Agency. The Settlement Agreement provided, in pertinent part,

> Claimant by [] counsel WAIVES AND RELEASES any legal claim or cause of action which he might otherwise have as a result of any acts underlying this forfeiture proceeding against the 20th Judicial District Drug Task Force or Metro Nashville Police Department or its agents, officers, or employees, and RELEASES them from all civil liability.

While Claimant and her husband did not sign the Settlement Agreement, an attorney listed as the legal representative for both parties signed for them. Likewise, a final order of compromise and settlement ("the Order") was also entered. The Order provided that the property had been seized from Claimant's husband by the Seizing Agency and the 20th Judicial District Drug Task Force. The accompanying release provided,

> [T]he Petitioner and the State of Tennessee, Department of Safety, mutually release each other and all their agents, officers, employees, servants, successors, assigns, executors, heirs and administrators from all claims for

> injuries or damages, whether now known or what may accrue in the future, arising out of the above referenced seizure.

The Order did not mention Claimant by name. The Freightliner was subsequently sold at an auction for $145,000. On July 19, 2007, Citizens Bank ("Citizens") informed the TDOS that it was the current lienholder, that it had a lien against the Freightliner for $161,403, and that it sought possession of the Freightliner. The TDOS advised Citizens that the time had passed to appeal the Order through the TDOS appeals division but that it could file a petition for review in the chancery court.

Instead of filing a petition for review in the chancery court, Citizens sued Claimant for the balance owed. Claimant responded by asserting that she was not liable for the entire amount owed because Citizens had failed to mitigate its damages by enforcing its rights against the TDOS as lienholder of the Freightliner. Citizens filed a motion for summary judgment, and the court granted the motion and entered an order of judgment against Claimant.

Approximately five months later, Claimant filed a complaint against the State in the Claims Commission, specifically the Seizing Agency and the TDOS. Claimant alleged that the State was negligent by failing to satisfy the lien obligation pursuant to Tennessee Code Annotated sections 40-33-107, -110(a) and that as a result of that negligence, a judgment was entered against her. Claimant also alleged that the State's failure to notify the proper party of the forfeiture was a due process violation of the Tennessee Constitution and the United States Constitution and that the State was negligent per se in its handling of the forfeiture of the Freightliner. Claimant requested damages in the amount of the order of judgment entered against her. The State responded that its "duty to pay off any lien only arises if the lien holder timely files notice of the lien with [the seizing agency]." The State also asserted that Claimant had released the State from any liability arising out of the seizure and forfeiture.

The State filed a motion for summary judgment, arguing that it was not negligent in its care, custody or control of the Freightliner, that the Claims Commission did not have subject matter jurisdiction over the alleged due process violations, and that Claimant had released any claim she could have properly asserted. The State argued that the code sections cited by Claimant did not apply to forfeitures pursuant to the Drug Control Act and that even if the cited sections applied to the property, the property was not retained as anticipated by the statute but had been sold. Claimant responded by asserting that Citizens was not required to file a claim because it was a successor in interest that had not received notice of the forfeiture and that the State did not satisfy its obligation to give reasonable notification because it failed to conduct a Vehicle Identification Number ("VIN") search. Claimant

opined that the release contained in the Order was ineffective because the State failed to fulfill its statutory obligations. The State responded that it had conducted a VIN search, which listed Chase as the only lienholder. The State asserted that it fulfilled its obligations by notifying the only lienholder it found.

After considering the arguments of counsel, the Claims Commission granted the motion for summary judgment. The Claims Commission found that Citizens was required to file a claim to preserve its interest because it had failed to notify anyone of its lien and that the State fulfilled its obligation of notification when it notified Chase, the only entity listed in the certificate of title and found through the VIN search, of the forfeiture. The Claims Commission further found that Claimant did not have standing to assert a due process claim on behalf of Citizens regarding the State's alleged failure to notify Citizens and that she had "knowingly and willingly through her counsel waived any claims arising out of this forfeiture." This timely appeal followed.

## II. ISSUES

Claimant raises several issues on appeal that we consolidate and restate as follows:

A. Whether the Claims Commission erred in holding that Claimant had waived her claim against the State.

B. Whether the Claims Commission erred in holding that Claimant did not have standing to assert a due process claim on behalf of Citizens.

C. Whether the Claims Commission erred in holding that the State was not negligent in the care, custody, or control of the property.

## III. STANDARD OF REVIEW

Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts. Tenn. R. Civ. P. 56.04. A properly supported motion for summary judgment "must either (1) affirmatively negate an essential element of the nonmoving party's claim; or (2) show that the nonmoving party cannot prove an essential element of the claim at trial." *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 9 (Tenn. 2008). When the moving party has made a properly supported motion, the "burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." *Id.* at 5; *see Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). The nonmoving party may not

-4-

simply rest upon the pleadings but must offer proof by affidavits or other discovery materials to show that there is a genuine issue for trial. Tenn. R. Civ. P. 56.06. If the nonmoving party "does not so respond, summary judgment, if appropriate, shall be entered." Tenn. R. Civ. P. 56.06.

On appeal, this court reviews the grant of summary judgment de novo with no presumption of correctness. *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 412 (Tenn. 1997). In reviewing a decision to grant summary judgment, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox. Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the grant of summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

## IV. DISCUSSION

### A.

Claimant asserts that she did not release the State, the TDOS, and the Seizing Agency from claims arising out of the forfeiture because those entities were purposefully excluded from the Settlement Agreement that she approved. She claims that the Settlement Agreement only waived future claims against the 20th Judicial District Drug Task Force, the Metro Nashville Police Department, and the underlying agents, officers, and employees of those two entities. She notes that she specifically filed her complaint against the State, the Seizing Agency, and the TDOS, the entities that she did *not* specifically release from liability for claims arising out of the seizure. She admits that the Order purports to release the Seizing Agency but asserts that she was purposefully excluded from the Order that only listed her husband as a party. The State responds that Claimant is precluded from advancing this argument because she admitted that the Order was representative of the Settlement Agreement when she responded to the statement of undisputed facts. The State asserts that Claimant should have raised her objection to the Order's legitimacy when responding to the statement of undisputed facts.

Pursuant to Rule 56.03 of the Tennessee Rules of Civil Procedure, the State offered several statements of undisputed facts for Claimant's approval. The fact at issue provides,

> On June 4, 2007, Debra Martin of the TDOS Appeals Division, based on the agreement between the parties, entered an Order of Compromise and

Settlement providing as follows: . . . "It is hereby ORDERED that the Petitioner [Claimant] and the State of Tennessee, Department of Safety, mutually release each other and all their agents, officers, employees, . . . , from all claims for injuries or damages, whether now known or what may accrue in the future, arising out of the above referenced seizure . . ." A copy of this order was sent by first class mail, postage prepaid to Glenn Funk, claimant's attorney in the forfeiture proceeding.

Claimant responded to this alleged undisputed fact by stating,

Admitted for the purposes of this motion only.

Claimant by responding in the affirmative to the aforementioned statement of undisputed fact, did not object to the reference to her as a party to the release entered in the Order and agreed that the Order was "based on the agreement between the parties." The Claims Commission relied upon that fact in granting the motion for summary judgment. *Summers v. Cherokee Children and Family Servs., Inc.*, 112 S.W.3d 486, 510 (Tenn. Ct. App. 2002) ("[W]hen the opposing party agrees that a fact is not disputed pursuant to Tenn. R. Civ. P. 56.03, the court may rely upon that admission in determining whether a genuine issue of material fact exists.") Claimant cannot now dispute that fact on appeal. Additionally, in response to the motion for summary judgment, Claimant asserted that the Order was ineffective because the State failed to fulfill its corresponding statutory obligations. She never called into question the Order's applicability to her as a party or its alleged misrepresentation of the Settlement Agreement she approved. A party may not offer a new issue for the first time on appeal. *See Lane v. Becker*, 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) (citing *Campbell Cnty. Bd. of Educ. v. Brownlee-Kesterson, Inc.*, 677 S.W.2d 457, 466-67 (Tenn. Ct. App. 1984)). "The jurisprudential restriction against permitting parties to raise issues on appeal that were not first raised in the trial court is premised on the doctrine of waiver." *Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009) (citations omitted). If Claimant had raised this issue, the Claims Commission could have addressed the issue and provided a record for this court's review. Accordingly, we conclude that this issue is waived.

B.

Claimant asserts that the court erred in holding that she did not have third-party standing to bring due process claims on behalf of Citizens. She alleges that she was injured by the State's failure to perform its statutory duties, that she had a contractual relationship with Citizens, and that Citizens was hindered in its ability to protect its interest because the State failed to promptly notify Citizens of the forfeiture. The State responds that dismissal

of the constitutional claims was proper because "regardless of [Claimant's] standing to assert any such claims, there is no jurisdiction in the Claims Commission over constitutional claims."

The Tennessee Constitution provides that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may direct." Tenn. Const. art. 1, § 17. "This constitutional provision reflects sovereign immunity, the notion that a sovereign governmental entity cannot be sued in its own courts without its consent." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (citations omitted); *Stewart v. State*, 33 S.W.3d 785, 790 (Tenn. 2000). "The rule of sovereign immunity in Tennessee is both constitutional and statutory. It is not within the power of the courts to amend it." *Jones v. L & N Railroad Co.*, 617 S.W.2d 164, 170 (Tenn. Ct. App. 1981).

The legislature has waived its sovereign immunity as to certain actions brought before the Claims Commission. *See* Tenn. Code Ann. § 9-8-301, et seq. The relevant code section provides that "[t]he commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the [S]tate based on the acts or omissions of '[S]tate employees'" that fit within one of several categories. Tenn. Code Ann. § 9-8-307(a)(1). Outside of these categories, no jurisdiction exists for claims against the State. The category at issue here provides that monetary claims may be brought against the State based upon the State's "[n]egligent care, custody or control of personal property." Tenn. Code Ann. § 9-8-307(a)(1)(F).

In addition to barring claims filed in the Claims Commission that do not involve acts or omissions of State employees, the Claims Commission does not have jurisdiction over claims involving federal law. *See* Tenn. Code Ann. § 9-8-307(a)(1)(N). Additionally, Tennessee "has not recognized [an] implied cause of action for damages based upon violations of the Tennessee Constitution." *See Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n*, 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999); *see also Lee v. Ladd*, 834 S.W.2d 323, 325 (Tenn. Ct. App. 1992). With these considerations in mind, we conclude that the Claims Commission did not err in granting the motion for summary judgment relative to the constitutional claims because it did not have subject matter jurisdiction to consider those claims.

C.

Claimant asserts that the State was negligent in its care, custody or control of her personal property because the State failed to notify Citizens of the forfeiture. She argues that the State's meager attempts at notification were inadequate given the unique circumstances of this case, namely the period of time between the seizure, forfeiture, and auction; the

amount owed on the Freightliner; Chase's failure to respond to the notice; and questions regarding the time in which Citizens became the lienholder. She also alleges that the Claims Commission erred in essentially placing the burden upon Citizens to secure its interest so that it could be properly notified. The State responds that it was not required to provide notice to Citizens and that Citizens' interests were forfeited once it failed to file a claim.

There is no dispute that Citizens was not listed on the certificate of title and that a VIN search did not reveal that Citizens held a lien against the Freightliner. Claimant contends that given the unique circumstances of this case, the State should have at least contacted Chase directly and ascertained whether Chase was the current lienholder of the Freightliner. Claimant is essentially arguing that the notice procedure employed by the State did not comply with constitutional due process standards. *See generally Toyota Motor Credit Corp. v. State Dept. of Safety*, No. M2003-00147-COA-R3-CV, 2003 WL 22519810, at *3-4 (Tenn. Ct. App. Nov. 7, 2003). As previously determined, the Claims Commission did not have subject matter jurisdiction to consider constitutional due process claims. Notably, Citizens could have raised this issue in the chancery court had it chosen to appeal the forfeiture of the Freightliner. Moreover, Claimant did not have third-party standing to bring this claim on behalf of Citizens when Citizens was not hindered in its ability to protect its interest. *See Gray's Disposal Co., Inc. v. Metro. Gov't of Nashville*, 122 S.W.3d 148, 158 (Tenn. Ct. App. 2002) (listing the three criteria that a third-party must satisfy in order to bring a claim on another party's behalf). Citizens could have challenged the forfeiture sale of the Freightliner through the chancery court. Instead, Citizens chose to recoup its loss from Claimant.

Lastly, Claimant argues that Citizens did not need to file a claim to preserve its right to the Freightliner and that once the State became aware of the lien, it should have halted the forfeiture proceedings. We disagree. Claimant's argument is premised upon the following provision:

> A secured party with a duly perfected interest or any successor in interest to the secured party who does not receive notice of intent to forfeit the interest pursuant to § 40-33-204(b)(3), need not file a claim to preserve any right the party may have to the property.

Tenn. Code Ann. § 40-33-205(a). Admittedly, Citizens did not receive notice of the forfeiture proceedings. Claimant asserts that as the successor in interest of a perfected party, Citizens' interest was perfected automatically. While Citizens obtained all of the rights assigned to Chase when it became the successor in interest, it was still tasked with "forward[ing] the assignment, together with the certificate of title and proper fee for the notation of a lien to the department." Tenn. Code Ann. § 55-3-124(a). To hold that a successor's interests are perfected automatically would render the filing requirements useless.

-8-

Additionally, section 40-33-205(a) anticipates that the interest sought to be forfeited was "a duly perfected security interest *as reflected in the public records of titles, registrations or other recorded documents*." Tenn. Code Ann. § 40-33-204(b)(3) (emphasis added). Thus, recovery pursuant to section 40-33-205(a) is premised on the fact that notice should have been provided because the identity of the lienholder was easily ascertainable through public records. Here, the identity of the proper lienholder was not ascertainable through public records. Consequently, in order to protect its interest, Citizens was required to file a claim within 30 days of the issuance of the forfeiture warrant. Tenn. Code Ann. § 40-33-205(b). When Citizens failed to file a claim or proof of its security interest within that time, its interest was properly forfeited. Tenn. Code Ann. § 40-33-206(c). Accordingly, we conclude that the Claims Commission did not err in granting the motion for summary judgment.

## V. CONCLUSION

The judgment of the Claims Commission is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Cynthia Farrar.

_____
JOHN W. McCLARTY, JUDGE