George **RAKOVICH**, Plaintiff–Appellee,

v.

Gregory **WADE** and Darryl Drake, Defendants–Appellants.   Chief Judge.

George **RAKOVICH**, Plaintiff–Appellee,

v.

Chester **KASS**, Defendant–Appellant.

Nos. 85–1529, 85–1530.

United States Court of Appeals,
Seventh Circuit.

Aug. 25, 1987.

Before BAUER, Chief Judge, and CUMMINGS, WOOD, Jr., CUDAHY, POSNER, COFFEY, FLAUM, EASTERBROOK, RIPPLE, MANION and KANNE, Circuit Judges.

### ORDER

On consideration of the petition for rehearing and suggestion for rehearing en banc filed by counsel for the defendants-appellants in the above-entitled cause, and the response therein filed by counsel for the plaintiff-appellee, a vote of the active members of the court having been requested and a majority [*] of the judges in regular active service having voted to rehear this case *en banc,*

IT IS ORDERED that the aforesaid petition for rehearing and suggestion for rehearing *en banc* be, and the same is, hereby GRANTED.

IT IS FURTHER ORDERED that the panel opinion and the judgment entered May 22, 1987 are hereby VACATED. This case will be reheard *en banc* at the convenience of the court.

RIPPLE, Circuit Judge, dissenting with whom CUDAHY, Circuit Judge, joins.

The decision of a majority of my brothers to vacate the panel decision and to set the case for argument en banc does, of course, require my respectful deference. I am constrained to point out, however, that, in taking this action, the court departs from the mandate of Rule 35 of the Federal Rules of Appellate Procedure. Rule 35 establishes specific criteria for en banc proceedings: "Such a hearing or rehearing is not favored and ordinarily will not be ordered except (1) when consideration by the full court is necessary to secure or maintain uniformity of its decisions, or (2) when the proceeding involves a question of exceptional importance."

---

[*] The Honorable Hubert L. Will, Senior District Judge for the Northern District of Illinois, was a member of the original panel, but he did not participate in the vote on suggestion for rehearing *en banc.*

This case meets neither of these criteria. It is a fact-specific adjudication of civil liability imposed by a jury verdict. In their petition for rehearing, the parties essentially ask that we set aside that verdict. They have raised no legal question of general importance which can be resolved, in a principled fashion, on the record before us. We must take the case as it was tried, not as it ought to have been tried.

Why, then, does the court take the extraordinary step of setting this case for rehearing en banc? The imposition of civil liability on police officers is not a pleasant situation. However, it does occasionally occur. An en banc proceeding is not intended to give any litigant, including a police officer, a "third bite at the apple" after an adverse jury verdict and an affirmance of that verdict by an appellate panel. Such a proceeding is not intended to protract the proceedings in this court in the hope that the parties might finally construct a winning argument. Certainly, no member of the court believes, I hope, that an en banc proceeding may be used as a vehicle to permit judges to further their own ideological predilections.

The significance of today's action will not, I fear, be limited to the parties. Its tremors will be felt for quite a while on the decision-making processes of this court. Judges assigned to panel dockets which contain civil rights actions against government officials—and lawyers and litigants bringing such actions—face the reality that, if the judgment is against the government official, the panel proceedings are nothing more than the appellate version of a pretrial conference. The decision of the panel apparently will be reevaluated not because of the issues properly and adequately raised but because of the status of the losing party. From such an approach, I respectfully dissent.