Marjorie Gale FANN, Plaintiff/Appellee,

v.

Eugene Leroy BRAILEY, Robert M. Odom and Bill Shanes, Defendants/Appellants.

Court of Appeals of Tennessee, Middle Section, at Nashville.

July 2, 1992.

Permission to Appeal Denied by Supreme Court Oct. 26, 1992.

**834**

John E. Herbison, Nashville, for plaintiff/appellee.

Darrell Townsend, Van French, Nashville, for defendants/appellants.

OPINION

CANTRELL, Judge.

Marjorie Gale Fann sued the city manager of Fairview and two police officers under Title 42, U.S.C. § 1983 for violating her civil rights. The defendants moved for summary judgment on the ground that, as municipal officials, they enjoyed a qualified immunity. The trial judge overruled the defense. For the reasons stated below, we reverse.

I.

In the summer of 1987, Ms. Fann, who had been a vocal critic of the Fairview administration, decided to run for the city council. During the campaign she publicly criticized the city manager, Leroy Brailey, the chief of police, Robert M. Odom, and police lieutenant Bill Shanes. Mr. Brailey learned that Ms. Fann possibly had a criminal background and he instructed Mr. Odom to investigate. Mr. Odom assigned Lt. Shanes to the case.

The investigation revealed that Ms. Fann had been convicted of armed robbery in Shelby County in 1971, but that the Tennessee Supreme Court reversed the conviction in 1973. In addition, the defendants found that, in 1983, Ms. Fann had been arrested in Davidson County on a warrant charging her with making a harassing telephone call. These charges were subsequently dismissed, and the arrest record was expunged by the General Sessions Court of Davidson County. How the defendants were able to obtain the information from the Metropolitan Police Department, which included a "mug shot" of Ms. Fann, does not appear in the record. It is arguable that the release of the records violated the provisions of Tenn.Code Ann. § 40–32–101(c)(1).

For the purpose of the motion for summary judgment only, the defendants concede that they gave the contents of Lt. Shanes' file to *The Review Appeal,* a Williamson County newspaper. On August 7, 1987, just thirteen days before the election, the newspaper ran an article detailing the accusations of criminal conduct made

against Ms. Fann in 1971 and 1983. Ms. Fann alleges in her complaint that the defendants took the extraordinary action of digging up unfavorable information about her in order to stifle her right to freely criticize the Fairview city administration. She also alleges that the actions of the defendants violated a right of privacy guaranteed by the Constitution of the United States. As a result of the defendants' unlawful actions, Ms. Fann alleges she has suffered hurt, humiliation and an impairment of her reputation.

The defendants moved for summary judgment on their qualified immunity defense. The trial judge overruled the motion. Although the lower court's judgment was not a final order under Rule 3(a), Tenn. R.App.Proc., we allowed the defendants to appeal pursuant to what is known as the "collateral order doctrine." In cases under the Civil Rights Acts where qualified immunity is a defense, some courts have allowed an appeal from a denial of that defense at the summary judgment stage. *See Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 2815–16, 86 L.Ed.2d 411, 427 (1985); *Kennedy v. City of Cleveland,* 797 F.2d 297 (6th Cir.1986); *Robinson v. Beaumont,* 291 Ark. 477, 725 S.W.2d 839 (1987); *Breault v. Chairman of the Board of Fire Commissioners,* 401 Mass. 26, 513 N.E.2d 1277 (1987).

## II. The Section 1983 Action in General

■ The United States Congress created a private right of action for citizens whose federal constitutional rights have been violated by persons acting under color of state law. 42 U.S.C. § 1983. The statute, however, does not create a federal common law of torts, i.e., it does not make what we might call ordinary torts federal causes of actions. *Screws v. United States,* 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). The § 1983 cause of action is much narrower, embracing only those cases where a plaintiff's rights, privileges, or immunities secured by the Constitution and laws of the United States are deprived by a person acting under color of state law, regulation, custom, or usage. *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct.

2689, 61 L.Ed.2d 433 (1979); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). While recognizing that the § 1983 cause of action is narrower than the state law of torts, we do not mean to imply that the two are mutually exclusive. "The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked." *Monroe v. Pape,* 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492, 503 (1961), overruled on other grounds, *Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

In addition to outlining the narrow scope of the statute, the United States Supreme Court has also held that public officials have a qualified immunity from an action under § 1983. In *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the court refined the scope of the qualified immunity explained earlier in its opinions in *Scheurer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) and *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). The *Harlow* court established an objective test to determine whether the state official enjoyed the qualified immunity:

> [G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

457 U.S. at 818, 102 S.Ct. at 2738, 73 L.Ed.2d at 410. Under the test established in *Harlow v. Fitzgerald,* the officer's subjective intent is irrelevant. *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

In *Anderson v. Creighton, supra,* a case in which a police officer conducted a warrantless search, the United States Supreme Court held that the right allegedly violated "must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is

doing violates that right." 483 U.S. at 640, 107 S.Ct. at 3039, 97 L.Ed.2d at 531. Even though most of us would concede that a police officer violated clearly established constitutional rights by conducting a search of private property without a warrant, probable cause or exigent circumstances, the court in *Anderson v. Creighton* said the test is whether an officer, under the circumstances, could have reasonably believed that the search was lawful.

Thus, the question in this case is whether persons in the defendants' place should have known that their actions violated Ms. Fann's rights.

### III. The Free Speech Claim

Ms. Fann recites numerous general principles of law that have been announced by the courts in defining the first amendment right to free speech. The most salient in the context of this case are these: state action designed to retaliate against and chill political expression violates the First Amendment, *Gibson v. United States*, 781 F.2d 1334 (9th Cir.1986); retaliatory sanctions designed to punish the legitimate exercise of free speech are prohibited by the First Amendment, *Little v. City of North Miami*, 805 F.2d 962 (11th Cir.1986); bringing a criminal prosecution to deter the exercise of free speech is prohibited by the First Amendment, *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir.1979). None of us would dispute that these were well established principles in the summer of 1987.

We note, however, that none of the cases involve a plaintiff who was a candidate in a political campaign. Because of this distinguishing factor, and because of the holding in *Anderson v. Creighton* that the right violated must have been established in a particularized sense, the defendants insist that the question in this case should be stated as follows: "Did the plaintiff, a candidate for public office, have a clearly established right not to have information about her prior involvement with the law revealed to the public?"

We think the defendants are correct in their contention that the real question involved in this case is different from the one posed by Ms. Fann. We would, however, state it this way: Should the defendants have known that collecting and publicizing truthful information about a political candidate's prior involvement with the law violated the candidate's constitutional rights?

We think the answer to the question is obvious. While the plaintiff had a right, in an abstract sense, to speak freely and to be free of retaliatory measures taken to chill the exercise of that right we know of no right that candidates for public office have to suppress truthful information of any sort about their past lives.[1] If that were the rule, no incumbent (a public employee) could reveal unfavorable information about a challenger for fear of being sued for damages under § 1983.[2] Since the right claimed by Ms. Fann was not well established—in our view did not exist—we do not see how the defendants should have known that their conduct was unlawful.

The plaintiff relies most heavily on the case of *Rakovich v. Wade*, 602 F.Supp. 1444 (E.D.Wisc.1985), aff'd in part and rev'd in part, 819 F.2d 1393 (7th Cir.1987), panel opinion vacated, 850 F.2d 1179, panel opinion reversed, 850 F.2d 1180 (7th Cir. 1988), cert. den'd 488 U.S. 968, 109 S.Ct. 497, 102 L.Ed.2d 534 (1988). In that case, the facts showed that the defendant police officers retaliated against the plaintiff for his exercise of First Amendment rights. They investigated him, photographed him, recorded his conversations, and released a statement to the press that the plaintiff would be criminally prosecuted for harass-

---

1. The only troublesome aspect of this case is the fact that state law may have been violated in obtaining the information about the harassment charge in Davidson County. We are convinced, however, that, while the violation of state law might establish a state cause of action, it does not give rise to a federal cause of action under § 1983. *See Powers v. Coe,* 728 F.2d 97 (2nd Cir.1984).

2. No public employee running for office (elected official or state and municipal employees in general) could respond in kind to personal attacks without being accused of conduct "chilling" the attacker's First Amendment rights.

ing a state's witness in a criminal case. Although the district court entered a judgment on a jury verdict for the plaintiff, and a panel of the Seventh Circuit affirmed the finding of liability, the full court reversed and dismissed on the qualified immunity defense. The Court said:

> This is not a decision that the officers infringed no First Amendment interest of Rokovich, but is instead a decision that, whether or not such an infringement occurred, a reasonably well trained officer could believe that his conduct did not violate a clearly established right. In other words, viewing it in a light most favorable to Rakovich officers of "reasonable competence could disagree," ... and "in light of the pre-existing law, the unlawfulness [was not] apparent,".... We do not suggest, however, that the actions of the officers in the particular circumstances were in any way unlawful.

*Rakovich*, 850 F.2d at 1214.

We think in the instant case the defendants' qualified immunity defense must be sustained on the free speech claim. Ms. Fann has not shown that she had any clearly protected First Amendment right that was violated by the defendants. It follows then that a reasonable officer would not have known under the circumstances that he was doing anything unlawful.

## IV. The Right of Privacy Claim

 Ms. Fann's complaint does not allege that the defendants violated a right of privacy guaranteed by the Constitution of the United States. Neither does she mention that in her deposition as one of the rights violated by the defendants. Therefore, we are of the opinion that she cannot raise that issue for the first time on appeal.

Nevertheless, we are also of the opinion that the analysis employed in part III of this opinion is relevant to the right of privacy claim also. We do not think that Ms. Fann, as a political candidate, enjoyed a right of privacy which prohibited the defendants from publishing unfavorable, albeit truthful, facts about her past.

## V. Conclusion

The judgment of the court below is reversed, and the 42 U.S.C. § 1983 action is dismissed as to these defendants. The cause is remanded to the Circuit Court of Williamson County for any further proceedings necessary. Tax the costs on appeal to the appellee.

TODD, P.J., and LEWIS, J., concur.