**STATE of Tennessee**

v.

**Nathan Jack CHILDRESS.**

Court of Criminal Appeals of Tennessee, at Nashville.

Assigned on Briefs Jan. 6, 2009.

March 12, 2009.

Hershell D. Koger, Pulaski, Tennessee, for the appellant, Nathan Jack Childress.

Robert E. Cooper, Jr., Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Hollynn Hewgley Eubanks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

CAMILLE R. McMULLEN, J.,
delivered the opinion of the court, in which ALAN E. GLENN and J.C. McLIN, JJ., joined.

The Defendant–Appellant, Nathan Jack Childress ("Childress"), appeals the trial court's order allowing the State to *nolle prosequi* the charges against him. A case that is disposed by *nolle prosequi* is not appealable as of right by a defendant, therefore, we dismiss this appeal for lack of jurisdiction.

***Facts.*** Following the return of an indictment by the Lincoln County Grand Jury, Childress was charged with conspiracy to commit aggravated burglary, conspiracy to commit aggravated robbery, aggravated burglary, and aggravated robbery. A jury trial was scheduled for December 3, 2007. On November 27, 2007, the State filed a Motion to Continue the trial date based on the unavailability of a witness. On November 29, 2007, a hearing was held regarding the State's motion. At the hearing, the State asserted they were unable to locate "a very necessary witness." Childress stated that he attempted to locate the same witness but was unsuccessful. Childress objected to the State's motion. In response, the State withdrew its Motion to Continue and entered a *nolle prosequi* regarding all indicted offenses. Childress did not consent to the State's entry of the *nolle prosequi.* On the same day, the trial court entered an order removing the case from the court's docket and a judgment form was filed reflecting the *nolle prosequi.* On January 9, 2008, Childress filed his notice of appeal. The notice of appeal was not timely filed; however, this is inconsequential given our disposition of this case.

***ANALYSIS***

Childress argues that the trial court abused its discretion in granting the State's request to *nolle prosequi* the indicted offenses. The State contends that this court lacks jurisdiction because the dismissal of an indictment is not available as an appeal as of right by a defendant. We agree with the State.

Childress proceeded with this appeal under Rule 3(b) of the Tennessee Rules of Appellate Procedure. Rule 3(b) confers jurisdiction upon this court to hear an appeal as of right by a defendant. This rule states, in pertinent part:

In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Su-

preme Court or Court of Criminal Appeals.... The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R.App. P. 3(b).

A *nolle prosequi* is a formal entry upon the record by which the State dismisses the defendant's charges. *See State v. D'Anna,* 506 S.W.2d 200, 202 (Tenn.Crim. App.1973). The entry of a *nolle prosequi* is not one of the specifically enumerated circumstances upon which an appeal as of right is available under Rule 3(b) of the Tennessee Rules of Appellate Procedure. Simply put, because the charges against Childress were dismissed when the State requested a *nolle prosequi,* there is no judgment of conviction from which Childress could appeal pursuant to Rule 3(b). *See Homolko v. State,* 155 Tenn. 467, 295 S.W. 66, 67 (1927) (holding "[n]o appeal lies from a nolle prosequi"); *State v. John Ruff,* No. W1999–01536–CCA–R3–CD, 2001 WL 58732 at *2 (Tenn.Crim.App., at Jackson, Jan. 19, 2001). Accordingly, this appeal is dismissed for lack of jurisdiction.

### *CONCLUSION*

Based on the foregoing analysis and authority, this appeal is dismissed.