FILED
04/09/2024
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 12, 2023

## STATE OF TENNESSEE v. ANDREW NEAL DAVIS

**Appeal from the Criminal Court for Davidson County**
**Nos. 2000-A-195, 2001-A-391     Cheryl A. Blackburn, Judge**

_____

### No. M2023-00065-CCA-R3-CO

_____

The defendant appeals from the trial court's denial of his motion for access to the sealed Department of Children's Services ("DCS") juvenile records relating to the victim's mother's records which were sealed to public inspection but provided to the parties prior to the defendant's trial. Upon our review of the record, the briefs of the parties, and the applicable law, we conclude the defendant does not have an appeal as of right from the denial of his motion. Additionally, the defendant has failed to establish review as a petition for writ of certiorari is appropriate. Therefore, the instant appeal is dismissed.

### Tenn. R. App. P. Appeal as of Right; Appeal Dismissed

J. Ross Dyer, J., delivered the opinion of the court, in which Robert L. Holloway, Jr., and Robert H. Montgomery, Jr., JJ., joined.

Daniel A. Horwitz, Lindsay Smith, and Melissa K. Dix, Nashville, Tennessee, for the appellant, Andrew Neal Davis.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin Ball, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Anna Hamilton, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### Facts and Procedural History

The defendant was indicted in January of 2001 by the Davidson County Grand Jury for first-degree felony murder and aggravated child abuse for his role in the death of

C.L.M.,[1] an infant. *State v. Davis,* No. M2002-02375-CCA-R3-CD, 2004 WL 1562544 (Tenn. Crim. App., Jul. 9, 2004), *perm. app. denied,* (Tenn. Dec. 6, 2004). The defendant's first trial resulted in a mistrial. *Id.* Upon being retried, the defendant was convicted as charged and received an effective sentence of life in prison. *Id.* This Court affirmed the defendant's convictions on direct appeal. *Id.* Subsequently, the defendant filed a petition for post-conviction relief primarily based on claims that trial counsel was ineffective and that the trial court committed various constitutional errors at trial. *Davis v. State*, No. M2009-00423-CCA-R3-PC, 2010 WL 2787700, at *1 (Tenn. Crim. App. July 14, 2010), *perm. app. denied* (Dec. 8, 2010). After a hearing, the post-conviction court denied the petition. On appeal, this Court affirmed the judgment of the post-conviction court. *Id.*

On July 8, 2022, the defendant filed a motion for "Access to Sealed Records" in which he requested "access to any sealed records from his criminal cases in order to evaluate and prosecute potential post-conviction claims on the [d]efendant's behalf." The subject of the defendant's request was the sealed DCS records of the victim's mother when the mother was a juvenile. During the hearing, the defendant stated that he simply wanted a copy of the records that had been sealed but provided to trial counsel prior to trial because the defendant's new counsel did not have a copy of those records. Additionally, the defendant noted that his motion "was not meant to, to be clear, to be a back route to appealing [the trial court's] sealing order, to be clear with that."

Next, the defendant requested that "the portion of the documents that were entirely sealed" also be unsealed and provided to counsel. According to the defendant, his counsel's investigation indicated that certain documents might be contained in the sealed documents "that may be powerfully exculpatory to [the defendant]," specifically pertaining to the defendant's claim of actual innocence. After some discussion concerning what the defendant "suspected" might be in the sealed files concerning the victim's mother's juvenile record, the trial court noted that it would "take more than simple suspicion" to have the court unseal records it had already determined should be sealed. At the conclusion of the hearing, the trial court entered an order "unseal[ing] the portion of the records that previously had been provided to [the] attorneys in this case."

On November 10, 2022, the defendant filed a second "Motion for Access to Sealed Records." In his second motion, the defendant, for the first time, challenged the trial court's initial July 2001 ruling sealing the records prior to the defendant's trial. Additionally, the defendant argued "[t]hat investigation yielded extraordinary—and extraordinarily concerning—exculpatory evidence regarding [the victim's mother]. In particular, it yielded evidence that [the victim's mother] had abused—both physically and sexually—multiple young children in her care when she was a minor." Based on this

---

[1] It is the policy of this Court to refer to minor victims by their initials. No disrespect is intended.

allegation, the defendant argued he was entitled to review all records "whether they are maintained under seal or not . . . given their likely exculpatory nature."

A hearing was held concerning the defendant's second motion on January 4, 2023. At the outset of the hearing, the trial court read into the record the transcript from the original July 24, 2001 hearing concerning the sealing of the records. After refreshing the everyone's recollection of the initial hearing, the trial court noted that all the parties had access to both sets of documents prior to trial but they were sealed from the public. In response, counsel stated, "We thought that we didn't have access to them. If it turns out that we didn't, it's just not in the file anymore and we can have access now, then, I think that that will clear up our problem." The trial court then agreed to provide counsel with another copy of all sealed documents but maintained, consistent with her July 2001 ruling, that the documents must not be shared with the public. Counsel agreed with the trial court's decision and did not object. On January 10, 2023, the trial court entered a written order memorializing its oral ruling.

This appeal followed.

*Analysis*

On appeal, the defendant contends the trial court erred in denying his motion for access to all sealed DCS records in this matter. He argues the trial court "failed either to articulate a compelling interest justifying sealing or to narrowly tailor its sealing order." Additionally, the defendant contends that the restriction on his "ability to disseminate the sealed records should be reversed to allow for thorough investigation into all available claims." In response, the State insists the instant appeal should be dismissed "because no appeal as of right exists from the trial court's denial of a motion to access sealed records." Upon our review of the record, the arguments of the parties, and the applicable law, we agree with the State and dismiss the instant appeal.

We note initially that the defendant's brief appears to argue that the trial court abused its discretion in initially sealing the records in July 2001. The defendant failed to challenge the original order during both his direct appeal and his petition for post-conviction relief. Clearly, his attempt to appeal the original order twenty years later is untimely, and therefore, the defendant has waived his right to challenge the initial order of the trial court. Accordingly, we will only address the defendant's challenge to the trial court's most recent order giving the defendant access to the sealed records but preventing the dissemination of those records to the public.

However, before we can address the defendant's claim that he has an appeal as of right from the trial court's denial of his motion, we believe clarification of what took place

- 3 -

during the hearing is required—what the defendant requested; what the defendant agreed to; and what the trial court granted and/or denied. Initially we note that the defendant's motions are styled "Motion for Access to Sealed Records." In both motions, the defendant simply asks for his counsel to have access to the sealed records. During the initial hearing, the defendant informed the trial court that his motion "was not meant to, to be clear, to be a back route to appealing [the trial court's] sealing order, to be clear with that." Then, during the second hearing, once the trial court pointed out that the parties had been granted access to all sealed documents prior to trial, the defendant stated, "We thought that we didn't have access to them. If it turns out that we didn't, it's just not in the file anymore and we can have access now, then, I think that that will clear up our problem." In short, the defendant told the trial court it was not trying to relitigate the trial court's July 2001 ruling but was only seeking access to both sets of the documents. Finally, the defendant informed the trial court he was simply looking for information which might aid in future challenges to the defendant's conviction such as a claim of actual innocence. Thus, as discussed *supra*, the defendant has waived any claim, even if it were timely, concerning the trial court's original ruling. Additionally, the defendant sought and was granted access to both sets of sealed documents which, according to the trial court, the defendant had access to prior to his trial. Therefore, the only issue before this Court is whether the trial court erred in ruling the defendant could not disseminate the records to the public.

Turning to the question of whether the defendant's appeal is properly before this Court, we note that a defendant in a criminal case does not have an appeal as of right in every instance. *State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017) ("A defendant in a criminal case does not have an appeal as of right in every instance.") Tennessee Rule of Appellate Procedure 3(b) provides when a defendant in a criminal case has an appeal as of right:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation; an order denying a motion for reduction of sentence pursuant to Rule 35(d), Tennessee Rules of Criminal Procedure; an order or

- 4 -

judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, from a final order on a request for expunction, and from the denial of a motion to withdraw a guilty plea under Rule 32(f), Tennessee Rules of Criminal Procedure.

Tenn. R. App. P. 3(b).

Rule 3(b) does not specifically provide for an appeal as of right from an order denying a request to unseal records. A defendant in a criminal case has no appeal as of right unless it is enumerated in Rule 3(b). *Rowland*, 520 S.W.3d at 545; *see also State v. Bobo*, 672 S.W.3d 299, 302 (Tenn. Crim. App. 2023) (holding a defendant does not have an appeal as of right from an from the denial of a motion seeking resentencing pursuant to Tenn. Code Ann. § 39-17-432(h)); *State v. Lane*, 254 S.W.3d 349, 353 (Tenn. 2008) (holding there is no appeal as of right from an order denying a defendant's motion to modify a condition of probation); *Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005) (holding the defendant, in a case decided prior to the amendment of Rule 3(b) to allow for an appeal as of right for orders under Tennessee Rule of Criminal Procedure Rule 36, did not have an appeal as of right from the dismissal of a Rule 36 motion to correct an illegal sentence); *State v. Hegel*, No. E2015-00953-CCA-R3-CO, 2016 WL 3078657, at *1-2 (Tenn. Crim. App. May 23, 2016) (ruling the defendant had no right to appeal the denial of his motion to suspend court costs); *State v. Moses*, No. W2011-01448-CCA-R3-CD, 2011 WL 6916487, at *1-2 (Tenn. Crim. App. Dec. 28, 2011) (holding the defendant did not have a Rule 3 appeal as of right from an order denying his motion to reinstate probation); *State v. Bean*, No. M2009-02059-CCA-R3-CD, 2011 WL 917038, at *2 (Tenn. Crim. App. Mar. 16, 2011) (holding a defendant has no right of appeal from an order denying his motion for a furlough); *State v. Childress*, 298 S.W.3d 184, 186 (Tenn. Crim. App. 2009) (holding a defendant cannot appeal from an order allowing the State to *nolle prosequi* the charges against him); *State v. Coggins*, No. M2008-00104-CCA-R3-CD, 2009 WL 482491, at *3-4 (Tenn. Crim. App. Feb. 25, 2009) (ruling a defendant has no appeal as of right from an order denying a new probation revocation hearing); *Simon v. State*, No. M2003-03008-CCA-R3-PC, 2005 WL 366893, at *2 (Tenn. Crim. App. Feb. 16, 2005) (holding the defendant had no appeal as of right from an order denying sentencing credits); *Sexton v. State*, No. E2003-00910-CCA-R3-PC, 2004 WL 50788, at *3 (Tenn. Crim. App. Jan. 12, 2004) (holding a defendant did not have the right to appeal the denial of a motion for "credit for time at liberty"). Therefore, we conclude that the defendant does not have an appeal as of right in this matter and that the instant appeal is not properly before us and should be dismissed.

As part of his claim that he has an appeal as of right from the trial court's denial of his motion, the defendant contends this Court has jurisdiction to hear his appeal pursuant

to Tennessee Code Annotated section 16-5-108(a)(2). However, as noted by the State, the statute only provides this Court jurisdiction in final orders in "Habeas corpus and Post-Conviction Procedure Act proceedings . . ., and other cases or proceedings instituted with reference to or arising out of a criminal case." *Id.* The trial court's order is not a final judgment in a habeas corpus or post-conviction proceeding and does not arise out of a criminal case. Therefore, the statute does not provide the defendant with a right of appeal.

Additionally, the defendant insists that review is appropriate under the "collateral order doctrine." But the denial of a motion requesting access to sealed records does not provide the defendant with an appeal as of right. *See State v. Bobo*, 672 S.W.3d at 302. This is not a "collateral order." In support of his claim that the collateral order doctrine applies, the defendant relies on *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 591-92 (6th Cir. 2016), in which the Sixth Circuit reviewed an order unsealing a sealed case while that case was still pending in the trial court. In *Rudd*, the Court determined it had jurisdiction to consider the appeal because (1) the order "conclusively and finally determines that the documents will not be protected from disclosure," (2) the issue was "completely separate from the merits of the underlying dispute," and (3) the order would "be effectively unreviewable" if the parties waited for a final judgment in the underlying case because the sealed documents would have been "unsealed and open to the public for some time" before then. *Id.* at 592-93. However, the instant appeal is distinguishable from *Rudd* because here, unlike in *Rudd* there was no pending case that the trial court's order affected at the time the defendant filed his notice of appeal. The underlying criminal case and the subsequent collateral attacks filed by the defendant have been final for years. If, as suggested by the record and the State's brief, the defendant has subsequently filed a petition for writ of error coram nobis, the defendant can appeal any ruling made regarding the dissemination of records made as part of such proceedings.

Moreover, as noted by the State in its brief to this Court, there are no Tennessee cases in which the "collateral order doctrine" has been acknowledged to provide a criminal defendant with a right of appeal from an order regarding the sealing of records. As a matter of fact, only two Tennessee cases have ever applied the doctrine and both involve the appeals of orders regarding the issue of qualified immunity in federal civil rights claims. *See Cantrell v. DeKalb County*, 78 S.W.3d 902, 904 & n.3 (Tenn. Ct. App. 2001); *Fann v. Brailey*, 841 S.W.2d 833, 835 (Tenn. Ct. App. 1992); *see also Ibsen v. Summit View of Farragut, LLC*, No. E2018-01249-COA-R3-CV, 2019 WL 6790291, at *6 (Tenn. Ct. App. Dec. 11, 2019) ("The only Tennessee cases cited by the plaintiffs that apply the collateral source doctrine are federal civil rights claims."). Additionally, our supreme court declined to apply the "collateral order doctrine" to an order certifying a class in a class action lawsuit and in doing so noted that this is a question "controlled by Tennessee law." *See Bayberry v. Assocs. v. Jones*, 783 S.W.2d 553, 558-59 (Tenn. 1990). Much like issues concerning

the certification of a class, whether records should be sealed or open to the public and how matters can or cannot be appealed are covered and controlled by Tennessee law and neither this Court nor our supreme court have ever applied the collateral order doctrine to circumvent the same. The defendant does not have an appeal as of right pursuant to Tenn. R. App. P. 3 from the denial of a motion to access or unseal records. Accordingly, this Court is without jurisdiction and the instant appeal must be dismissed.

In the alternative to an appeal as of right pursuant to Rule 3, the defendant contends this Court should treat his notice of appeal as a petition for writ of certiorari.[2] *See Abdur'Rahman v. State*, 648 S.W.3d 178, 190 (Tenn. Crim. App. 2020) ("[E]ven if we were to determine that the State does not have an appeal as of right under [Tennessee] Rule [of Appellate Procedure] 3(c), this Court has the authority to treat the State's notice of appeal as a petition for a writ of certiorari.") (citing *State v. Adler*, 92 S.W.3d 397, 401 (Tenn. 2002), *superseded on other grounds by statute, as recognized in State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017); *State v. L.W.*, 350 S.W.3d 911, 916 (Tenn. 2011) (holding that "the failure to follow the procedural requirements of [Tenn. Code Ann. §] 27-8-106 for petitions for writ of certiorari in civil cases did not deprive the Court of Criminal Appeals of jurisdiction to hear these appeals")).

The common law writ of certiorari lies "[w]here no appeal is given[.]" Tenn. Code Ann. § 27-8-102(a)(2) (2023). The General Assembly codified the common law writ of certiorari in Tennessee Code Annotated section 27-8-101 (2000). *Adler*, 92 S.W.3d at 401. Section 27-8-101 provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.

The common law writ of certiorari is an "extraordinary judicial remedy," *State v. Lane*, 254 S.W.3d 349, 355 (Tenn. 2008), and may not be used "to inquire into the correctness of a judgment issued by a court with jurisdiction." *Adler*, 92 S.W.3d at 401 (citing *State v. Johnson*, 569 S.W.2d 808, 815 (Tenn. 1978)). Instead, the writ of certiorari is available "to correct '(1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his or her day in court; (4) decisions beyond the lower tribunal's authority; and (5) plain and palpable abuses

---

[2] The defendant raised the possibility of the instant appeal being considered a petition for writ of certiorari for the first time in his reply brief, and therefore, the State has not had an opportunity to respond. However, based on our determination that a petition for writ of certiorari is not applicable, we find subsequent briefing is not warranted.

of discretion.' " *Lane*, 254 S.W.3d at 355 (citation omitted).  As our supreme court decided in *Adler*, where there is "an allegation that the trial court acted without legal authority and because 'there is no other plain, speedy, or adequate remedy,'" certiorari review may be warranted.  *Adler*, 92 S.W.3d at 401.

Here, however, the defendant has failed to show that the trial court's ruling was fundamentally illegal, that he has effectively been denied his day in court, that the trial court lacked authority, or that the trial court abused its discretion in denying the defendant the opportunity to disseminate the records to the public.  In both hearings and his briefs to this Court, the defendant made clear that he was simply seeking access to the records in order to evaluate and prepare any "post-conviction claims" such as "actual innocence." The trial court granted the defendant's request.  The defendant not only did not object to the court's ruling that the records could not be disseminated, but he actually agreed with the trial court stating that if "we can have access now, then, I think that that will clear up our problem."  Moreover, it is clear from the defendant's arguments during both hearings and the exhibits attached to his second motion that he was fully able to investigate his alleged claims without providing members of the public copies of the sealed records. Based on the above, the trial court acted within its legal authority; the trial court's ruling has not denied the defendant "his day in court"; and there are other plain and adequate remedies available to the defendant.  There is no need for an "extraordinary judicial remedy," and therefore, consideration of the defendant's notice of appeal as a petition for writ of certiorari is unwarranted.

### *Conclusion*

Based on the foregoing authorities and reasoning, we conclude the defendant does not have an appeal as of right from the denial of his motion for access to sealed records and, therefore, dismiss the appeal.

_____

J. ROSS DYER, JUDGE

- 8 -